Marty T. MASSEY, Movant–Respondent,

v.

Diana L. (Massey) TODD, Respondent–
Appellant.

No. 21690.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 25, 1998.

Robert W. Stillings, Springfield, for Appellant.

No brief filed by Respondent.

PREWITT, Judge.

Diana L. Todd appeals from the trial court's order reducing the amount of child support which she receives as custodian of the parties' two children.[1]

The marriage of the parties was dissolved on May 17, 1988, in the Circuit Court of Webster County, Missouri. Two children were born of their marriage: Jessica Lynn Massey, born December 30, 1983, and Mark Allen Massey, born December 2, 1985. Appellant was awarded custody of the minor children, and Respondent was awarded reasonable visitation. Respondent was ordered to pay to Appellant the amount of $200.00 per month, per child, for the support of the minor children.

A motion for modification of the decree of dissolution was filed by Respondent in 1990, wherein he sought a change of visitation and that a "new order of child support be entered." On May 17, 1991; the court entered an order modifying the decree of dissolution, by agreement of the parties, which set forth specific periods of visitation of the children. In all other respects, including the request for a new order of child support, the motion filed by the Respondent was "overruled."

On October 10, 1995, Respondent again filed a motion to modify the decree, seeking specific visitation rights and a modification of his child support obligation. Following a

1. The parties are addressed in this opinion as their status on appeal.

hearing, the trial court modified the decree on April 17, 1997, the court finding that there had been substantial and continuing changes in the circumstances of the parties since the date of the previous modification sufficient enough to warrant a change in the amount of child support. The amount of child support was reduced to the sum of $130.00 per child, per month.

Appellant presents several points relied on in contending that the trial court erred in granting the reduction of child support. Among those contentions is that Respondent failed to meet his burden of proof to change the child support payment, as he did not present evidence showing circumstances which are so substantial as to make the previous award unreasonable. We conclude that this contention is dispositive of this matter. Respondent did not file a brief in this appeal.[2]

Review is under Rule 73.01(c). "As that rule is interpreted, this court is to affirm the trial court's determination, unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *Vance v. Vance*, 852 S.W.2d 191, 192 (Mo.App.1993), *citing* Rule 73.01(a)(2). "In determining whether the evidence is sufficient to support the judgment, we accept as true the evidence, with permissible inferences therefrom, favorable to the prevailing party and disregard contradictory testimony." *Tichenor v. Vore*, 953 S.W.2d 171, 174 (Mo.App.1997).

■ Section 452.370, RSMo. (1994), permits modification of a decree as to support "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." The party seeking modification must show that the "changed circumstances are supported and proved by detailed evidence. A modification will only be granted if the changed circumstances are so substantial and continuing as

to make the previous decree unreasonable." *Morovitz v. Morovitz*, 778 S.W.2d 369, 371 (Mo.App.1989), *cert. denied*, 494 U.S. 1085, 110 S.Ct. 1822, 108 L.Ed.2d 952 (1990). The movant has the burden to show not only that his income has decreased, but also that the "decrease in his earnings was involuntary and continuing." *Walker v. Walker*, 936 S.W.2d 244, 249 (Mo.App.1996).

■ The trial court ruled that evidence prior to the modification of the decree on May 17, 1991, would not be admissible for the purpose of demonstrating whether there was a change in circumstances. This appears to have been a correct ruling of law. "In considering whether there has has been a sufficient change of circumstances, we look to the date of the last prior modification." *In re Marriage of Goodrich*, 622 S.W.2d 411, 413 (Mo.App.1981). *See also Farnsworth v. Farnsworth*, 553 S.W.2d 485, 487, n. 1 (Mo. App.1977); *Gori v. Gori*, 490 S.W.2d 282, 284 (Mo.App.1973)(as the preceeding modification was not appealed it was *res judicata* and the movant may succeed only on evidence of change since that modification).

■ In Appellant's points, she alleges trial error in reducing child support because there was no evidence of decreased income from the time of the 1991 modification. In seeking to lower his child support payments, Respondent has the burden of showing a decrease in earnings, and that such decrease was involuntary and continuing. *See Walker*, 936 S.W.2d at 249.

Respondent here has failed to show a decrease in earnings since the 1991 modification. The tax returns entered as exhibits at the hearing do not show a decrease in adjusted gross income on the 1992, 1993, 1994, and 1995 income tax returns. The reported farming loss in 1992 was $19,671.00, while the farming loss reported in 1995 was $9,176.00, an "improvement" in excess of $10,000.00.

2. It is the policy of Missouri appellate courts to encourage the filing of briefs by both parties. By failing to file a brief, the Respondent has "indulged in a practice repeatedly condemned by the courts. Failure of a respondent to file a brief is an imposition on this court and leaves us dependent upon appellants' presentation and our own research. However, because no penalty is imposed by statute or rule, we will proceed to determine the case on its merits." *Scheble v. Missouri Clean Water Comm'n*, 734 S.W.2d 541, 545 (Mo.App.1987). *See also Burch v. King*, 549 S.W.2d 919, 921 (Mo.App.1977).

The reporting of less of a loss is actually an increase in earnings, and not a decrease as Respondent attempted to show at the hearing. Respondent also testified that he anticipated a "rosier outlook for 1996." There was no other evidence of Respondent's income since his last attempt at modification.

■ Respondent failed to meet his burden of proving a decrease in income. Thus, the trial court erred in finding changed circumstances so substantial and continuing as to make the terms of child support unreasonable. The other points raised by Appellant need not be considered.

The order of the trial court of April 17, 1997, modifying the divorce decree is reversed, and the cause remanded with directions that the trial court set aside its order of modification and enter judgment denying Respondent's motion.

GARRISON, P.J., and CROW, J., concur.