### In re the MARRIAGE OF Mike Lee PETERSON and Mary Bryan Peterson.

### Mike Lee Peterson, Respondent,

### v.

### Mary Bryan Peterson Cook, Appellant.

### No. 23343-2.

Missouri Court of Appeals, Southern District, Division Two.

March 27, 2001.

Wayne Gifford, Waynesville, for Appellant.

No attorney for Respondent.

STEPHEN R. MITCHELL, Special Judge.

Mary B. Peterson Cook, ("Appellant") appeals from the judgment of the Circuit Court of Pulaski County ("Modification Judgment") entered October 22, 1999, modifying that court's decree of dissolution of marriage previously entered on July 15, 1994.[1]

In pertinent part, the prior decree of dissolution awarded joint legal custody of the parties' two minor children to Appellant and Respondent, Mike L. Peterson, ("Respondent") and awarded primary physical custody of the two children to Respondent, in accordance with the agreement of the parties.[2]

The Modification Judgment sets out that "the parties have agreed and stipulated to the entry of a specific visitation schedule attached hereto and incorporated by reference herein as Exhibit 'B'."[3] In relevant part, it provides that:

1. The Decree of Dissolution, entered on July 15, 1994, is hereby modified as follows:

a. [Respondent] and [Appellant] are awarded joint legal custody of the minor children with [Respondent] serving as the primary physical custodian with rights of specific visitation in favor of [Appellant] as more specifically outlined

---

1. Generally, on review of a judgment modifying a dissolution decree this Court will affirm the trial court's judgment unless the judgment is not supported by substantial evidence, the judgment is against the weight of the evidence, or the judgment erroneously applies or declares the law. *Tilley v. Tilley*, 968 S.W.2d 208, 211 (Mo.App.1998); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). "We defer to the trial court's findings on custody modification matters unless we are convinced the best interests of the child require a different disposition." *Id.; In re Marriage of Pobst*,

957 S.W.2d 769, 771 (Mo.App.1997); *see, generally*, § 452.410, RSMo 1994.

2. The minors were a female child, Shada, born August 15, 1988, and adopted by Mike; and a male child, Zak, born June 4, 1991.

3. *See Tompkins v. Baker*, 997 S.W.2d 84, 90–91 (Mo.App.1999)(regarding agreements and stipulations as to custody and visitation between the parents and the trial court's statutory obligations).

in the Parenting Plan attached hereto and incorporated herein by reference as Exhibit "B"[.]

■ In her appeal, Appellant raises three points of trial court error.[4] In Point One, she essentially complains that the trial court did not dispose of all issues of the litigation, as required by Rule 74.01(b), Missouri Court Rules (2000), because there is "no exhibit 'B' [the parenting plan] attached to the judgment [of] modification of decree of dissolution of marriage." We agree. Point One is dispositive of this appeal and the remaining points need not be reviewed.[5]

The Modification Judgment provided for custody of children. Section 452.375.9 mandates that the Modification Judgment "include a specific written parenting plan setting forth the terms of such parenting plan arrangements specified in subsection 7 of section 452.310." § 452.375.9;[6] *see Brandow v. Brandow,* 18 S.W.3d 584, 587–88 (Mo.App.2000); *Hollins v. Hollins,* 13 S.W.3d 669, 673–74 (Mo.App.2000); *see also* § 452.375.6.

■ Our review of the trial proceedings and the Modification Judgment reveals that exhibit "B" purports to be a "Parenting Plan." While mentioned in the Modification Judgment, the "Parenting Plan" is not described with any particulari-

ty in the trial court's Modification Judgment. Furthermore, there is no document attached to the Modification Judgment which is described as exhibit "B." Neither can we glean from the record the particulars of the parenting plan.[7]

Relevant portions of section 452.375 include the following:

6. If the parties have not agreed to a custodial arrangement, or the court determines such arrangement is not in the best interest of the child, the court shall include a written finding in the judgment or order based on the public policy in subsection 4 of this section and each of the factors listed in subdivisions (1) to (8) of subsection 2 of this section detailing the specific relevant factors that made a particular arrangement in the best interest of the child. If a proposed custodial arrangement is rejected by the court, the court shall include a written finding in the judgment or order detailing the specific relevant factors resulting in the rejection of such arrangement.

. . . .

9. Any judgment providing for custody shall include a specific written parenting plan setting forth the terms of such parenting plan arrangements specified in subsection 7 of section 452.310.

---

**4.** Respondent has filed no brief. Failure to file a brief "is an imposition on this Court and leaves us dependent upon [Appellant's] presentation and our own research." *Massey v. Todd,* 962 S.W.2d 949, 950 n. 2 (Mo.App. 1998). Nevertheless, because no penalty is imposed by statute or rule, we will proceed to a review of the case. *Id.*

**5.** Appellant also posits trial court error on the basis that the trial court: (a) was equitably estopped from awarding child support, which had been waived by Respondent in the original dissolution proceedings, in consideration of Appellant having assumed substantially all of the marital debt; and (b) erred in awarding child support because the trial court failed to apply the "current version of 452.370, RSMo, in that the court made a finding only of a 20% change in the amount of child support payable under Form 14 and did not make any finding in regard to the issue of the change in

the statute." This latter point fails to comply with Rule 84.04(d)(1)(C), Missouri Court Rules (2000).

**6.** All statutory references are to RSMo Cum. Supp.1999, unless otherwise specified.

**7.** Where exhibits are referred to or incorporated in a judgment but do not appear in the record, are lost or their contents not otherwise available, preventing this court from discerning the basis for the trial court's judgment, such exhibits are of no effect to complete the judgment. *Wilhoit v. Wilhoit,* 599 S.W.2d 74, 79 (Mo.App.1980). Without engaging in speculation or conjecture, we have been unable to ascertain from the record sufficient evidence of the contents of any purported parenting plan to which the parties may have agreed that would meet statutory requirements.

Such plan may be a parenting plan submitted by the parties pursuant to section 452.310 or, in the absence thereof, a plan determined by the court, but in all cases, the custody plan approved and ordered by the court shall be in the court's discretion and shall be in the best interest of the child.

§§ 452.375.6; 452.375.9.

Section 452.310.7 provides:

7. The petitioner and respondent shall submit a proposed parenting plan, either individually or jointly, within thirty days after service of process or the filing of the entry of appearance, whichever event first occurs of a motion to modify or a petition involving custody or visitation issues. The proposed parenting plan shall set forth the arrangements that the party believes to be in the best interest of the minor children and shall include but not be limited to:

(1) A specific written schedule detailing the custody, visitation and residential time for each child with each party including:

(a) Major holidays stating which holidays a party has each year;

(b) School holidays for school-age children;

(c) The child's birthday, Mother's Day and Father's Day;

(d) Weekday and weekend schedules and for school-age children how the winter, spring, summer and other vacations from school will be spent;

(e) The times and places for transfer of the child between the parties in connection with the residential schedule;

(f) A plan for sharing transportation duties associated with the residential schedule;

(g) Appropriate times for telephone access;

(h) Suggested procedures for notifying the other party when a party requests a temporary variation for the residential schedule;

(i) Any suggested restrictions or limitations on access to a party and the reasons such restrictions are requested;

(2) A specific written plan regarding legal custody which details how the decision-making rights and responsibilities will be shared between the parties including the following:

(a) Educational decisions and methods of communicating information from the school to both parties;

(b) Medical, dental and health care decisions including how health care providers will be selected and a method of communicating medical conditions of the child and how emergency care will be handled;

(c) Extracurricular activities, including a method for determining which activities the child will participate in when those activities involve time during which each party is the custodian;

(d) Child care providers, including how such providers will be selected;

(e) Communication procedures including access to telephone numbers as appropriate;

(f) A dispute resolution procedure for those matters on which the parties disagree or in interpreting the parenting plan;

(g) If a party suggests no shared decision-making, a statement of the reasons for such a request;

(3) How the expenses of the child, including child care, educational and extraordinary expenses as defined in the child support guidelines established by the supreme court, will be paid including;

(a) The suggested amount of child support to be paid by each party;

(b) The party who will maintain or provide health insurance for the child and how the medical, dental, vision, psychological and other health care expenses of the child not paid by insurance will be paid by the parties;

(c) The payment of educational expenses, if any;

(d) The payment of extraordinary expenses of the child, if any;

(e) Child care expenses, if any;

(f) Transportation expenses, if any.

*Id.*

The absence of a written parenting plan, or exhibit "B" referred to in the Modification Judgment, leaves us to speculate whether the parties ever reached or executed a final written agreement constituting a parenting plan, as required by sections 452.375.9 and 452.310.7. Furthermore, given the facts of the instant case, a parenting plan arrangement is mandated by statute. *See discussion infra.*

"An appellate court has jurisdiction only over final judgments." *Tillis v. Tillis,* 997 S.W.2d 119, 120 (Mo.App.1999). " 'A judgment, order, or decree of the trial court is final and appealable only when it disposes of all the issues for all the parties in the case and leaves nothing for future determination.' " *Id.* (quoting *McKean v. St. Louis County,* 936 S.W.2d 184, 185–86 (Mo.App.1996)). In the instant case the trial court did not resolve all issues before it. There is no final judgment. The appeal is dismissed and the case is remanded for further proceedings consistent with this opinion.

PREWITT and GARRISON, JJ., concur.