**In re the Marriage of Roger Bradley CLARY, Petitioner–Respondent,**

v.

**Tracy Marie (Clary) ORELLANA, Respondent–Appellant.**

**No. 26546.**

Missouri Court of Appeals, Southern District, Division One.

July 29, 2005.

---

Russell A. Ward, Joplin, for Appellant.

Carrie E. Martsching, Kansas City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Tracy Marie (Clary) Orellana ("Mother") appeals from a grant of custody awarding the custody of twin daughters to Roger Bradley Clary ("Father"). Mother's initial point challenges the lack of statutorily mandated findings. We agree and reverse for the necessary findings.

 Any doubt regarding whether the trial court is required to make specific written findings in a custody modification case was laid to rest by the Missouri Supreme Court's decision in *Speer v. Colon*, 155 S.W.3d 60 (Mo. banc 2005). Because the parties had not agreed to the custodial arrangement, the trial court was required to include in its judgment written findings on the relevant factors based on the public policy in section 452.375.4 and the factors listed in section 452.375.2(1).[1] *Id.* at 61–62. A claim that custody was not changed because the parties in this case were still designated joint physical custodians is to no avail. Written findings are necessary unless the parties have agreed to a custodial arrangement, which includes the residence address for the child. *Buchanan v. Buchanan*, No. 86662, 167 S.W.3d 698, 699, 2005 WL 1620477, at *3 (Mo. banc July 12, 2005), 2005 Mo. LEXIS 236, at *11. While these may be sub-issues of custody, if they are contested, the court must resolve the issue. *Id.*

We add an additional note that even if findings were not mandated by section 452.375.2, meaningful findings in this case would have been necessary for a resolution of this case because we found little in the evidence to support the trial court's judgment. *See In re Marriage of Cluck*, 121 S.W.3d 271, 272–73 (Mo.App. S.D.2003) (finding that the appellate court was unable to review the decree because of the lack of meaningful findings). The trial court in this case signed the judgment proposed by Father; Mother did not submit a proposed judgment. In the judgment, the court made one finding:

Respondent relocated the primary residence of the minor children from Joplin, Missouri to Carthange [sic], Missouri without providing the required notice to Petitioner or obtaining his consent as required by Section 452.377 RSMo. did [sic] not provide notice of the new address and therefore is grounds for an automatic change in custody pursuant to Section 452.410 RSMo.

1. All references to statutes are to RSMo 2000, unless otherwise specified.

This finding alone is totally unsupported, both factually and legally, and cannot be the basis for a modification of custody. Section 452.410 does not mandate an automatic change in custody for failure to provide the required notice of section 452.377. In fact, section 452.410 indicates that the court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and the modification is necessary to serve the best interests of the child. There is no provision for an automatic change in custody.

Likewise, section 452.377 does not mandate an automatic change in custody for a failure to provide notice of a proposed relocation. Section 452.377.5 states:

The court shall consider a failure to provide notice of a proposed relocation of a child as: (1) A factor in determining whether custody and visitation should be modified; (2) A basis for ordering the return of the child if the relocation occurs without notice; and (3) Sufficient cause to order the party seeking to relocate the child to pay reasonable expenses and attorneys fees incurred by the party objecting to the relocation.

The facts of this case indicate why an automatic change in custody is unfeasible. The parties were awarded joint physical custody in the dissolution and, because the children were not in school, alternated almost equal periods of visitation; therefore, Father was a person to whom section 452.377 applied. Father had an equal duty to provide notice in writing by certified mail of any proposed relocations of his own. Father moved to Miami, Oklahoma, to live with his girlfriend in June 2003, without providing any notice to Mother and then in September to Grandview, Missouri, "to obtain employment" and reside with his mother. At Mother's request, the parties agreed to a change in the visitation schedule due to the substantial distance between Joplin and Grandview. Father did not file a motion to modify based on that change in the visitation schedule caused by his move. Mother's move, from Joplin, Missouri, to Carthage, Missouri, however, caused no change in the original visitation schedule. Under the court's reasoning, custody would have changed on three occasions of the three moves and yet no custodial plan would have been in place for either parent. Such a result is untenable. Clearly, the one finding in the decree is not supported by the evidence and is a misapplication of the law.

There are no other findings to warrant the custodial plan which the court put into place. We, therefore, reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

GARRISON, P.J., and PREWITT, J., concur.