In re the MARRIAGE OF Jennifer L. WILSON and Joseph P. Wilson.

Jennifer L. Wilson, Petitioner–
Appellant,

v.

Joseph P. Wilson, Respondent–
Respondent.

No. 26469.

Missouri Court of Appeals,
Southern District.
Division Two.

Nov. 3, 2005.

James R. Royce, McDonald Hosmer King & Royce, P.C., Springfield, for Appellant.

Christena Silvey Coleman, Garrett & Silvey, West Plains, for Respondent.

PHILLIP R. GARRISON, J.

Jennifer L. Wilson ("Mother") appeals from a judgment modifying an earlier decree that dissolved her marriage to Joseph P. Wilson ("Father"). On this appeal, she challenges the portions of the judgment modifying the custodial arrangements for their minor son, K.A.W. ("minor child"), and reducing Father's child support obligations.

The parties had two children; the minor child and C.L.W. ("daughter"). In the dissolution decree, entered on May 16, 2001, the trial court awarded both parties joint legal custody of the children with primary physical custody awarded to Mother, subject to reasonable visitation awarded to

Father.[1] The court did not set a specific visitation schedule because of the parties' agreement that they could work together to ensure that Father received reasonable visitation, but it did provide that he was to have thirty days of continuous visitation. The trial court set Father's child support obligation at $787 per month and also incorporated the parties' agreement that each of them would be responsible for fifty percent of any future college expenses incurred by the two children. The decree defined "costs" as tuition, fees, books, dormitory costs for room and board, laboratory fees, parking fees, and excluded from this calculation room and board while the child was residing with either parent. The maximum expense each parent was to be responsible for in any given year was to be determined by the expense for such items "for an in-State student at the University of Missouri–Columbia" for that same year.

Father filed a Motion to Modify Decree of Dissolution as to Child Custody, Visitation, and Child Support on November 7, 2002. Trial of that motion resulted in the judgment which is the subject of this appeal. In that judgment the court awarded Father joint legal and physical custody of the minor child, subject to a specific visitation schedule described below. The judgment also decreased the amount of child support Father was obligated to pay from $787 to $433, ordered that the child support was for the minor child only, and provided that he was still obligated to pay one-half of daughter's college expenses.

At the time of this judgment, daughter was eighteen years old and enrolled in the pre-med program at the University of Missouri–Kansas City. The trial court reasoned that since Father was paying half of daughter's college expenses he should only be responsible for child support necessary for the minor child.[2] This appeal followed.

Mother raises three points of error on this appeal. The first two necessitate reversal and remand. For reasons discussed below, we do not consider the third.

■ In Point I, Mother contends that the trial court erred by failing to provide required written findings in its Judgment and Decree of Modification. She argues that the trial court is required to include a written finding in the judgment based on the public policy set out in Section 452.375.4 and the factors listed in Section 452.375.2(1) to (8). By her reference to *Speer v. Colon*, 155 S.W.3d 60 (Mo. banc 2005), it is apparent that she bases this position on the requirements of Section 452.375.6. That section provides, in pertinent part:

If the parties have not agreed to a custodial arrangement, or the court determines such arrangement is not in the best interest of the child, the court shall include a written finding in the judgment or order based on the public policy in subsection 4 of this section and each of the factors listed in subdivisions (1) to (8) of subsection 2 of this section detail-

---

1. Section 452.375.1(1) defines child "custody" under Missouri law as "joint legal custody, sole legal custody, joint physical custody or sole physical custody or any combination thereof." "Primary physical custody" is not a custodial arrangement authorized under law. *See Aurich v. Aurich*, 110 S.W.3d 907, 912 (Mo.App. W.D.2003). All references to statutes are to RSMo (2000) unless otherwise indicated.

2. Section 452.340.5 provides that a parental support obligation continues past eighteen if the child is enrolled in and attending a secondary school program of instruction. The fact that the modification judgment here eliminated child support, as such, for daughter is not an issue on appeal. The trial court noted, however, that "paying a child's college expenses is a form of child support," citing *In re Marriage of Eskew*, 31 S.W.3d 543, 546 (Mo. App. S.D.2000).

ing the specific relevant factors that made a particular arrangement in the best interest of the child.

In the instant case, the parties were not in agreement about a custodial arrangement. Father's motion to modify alleged that it would be in the best interest of the children for him to have a specific schedule of custody and visitation in accordance with an attached proposed parenting plan. Mother's answer denied that allegation and further alleged that Father's proposed parenting plan was unworkable and not in the best interest of the children.

In an effort to establish that the parties were in basic agreement about custody, Mother contends that at trial she agreed to part of the custodial arrangement requested by Father. The record reveals, however, that Mother said she was not opposed to the trial court entering a specific schedule of visitation whereby Father would have the minor child every other weekend; that she wanted the court to "look at the amount of visitation he's asking for"; and said that she was agreeable to "some" time in the summer. Under these circumstances, the parties were not in agreement about a custodial arrangement, and Section 452.375.6 is applicable. Accordingly, the trial court was required to include written findings mandated by that statute.

■ The judgment provided that "it is in the best interest of the minor children that the parties continue to share joint legal and physical custody of the minor child with the [Father] having have [sic] a specific schedule of temporary custody and visitation." It then provided that Father "shall have the periods of contact/visitation

as set forth in the Judicial Parenting Plan attached hereto and incorporated herein as Exhibit 'A' which the Court finds to be in the best interests of the minor children." The parenting plan adopted by the court applied only to the minor child and not to the daughter. It ordered the parties to cooperate in order that the minor child will have frequent, continuing and meaningful contact with both parents, and provided for specific visitation by Father.[3]

While the trial court's judgment concluded that the provisions of the parenting plan were in the minor child's best interest, it did not explain what factors made it so. Where, as here, the parties do not agree to a custodial arrangement, the trial court is required by Section 452.357.6 to include in its judgment a written finding based on the public policy in Section 452.375.4 and the factors listed in Section 452.375.2(1) to (8) detailing the specific relevant factors that made the chosen arrangement in the best interest of the child. *Speer*, 155 S.W.3d at 61–62. *See also Buchanan v. Buchanan*, 167 S.W.3d 698, 702 (Mo. banc 2005). Section 452.375.2 provides that the court shall determine custody in accordance with the best interests of the child and shall consider all relevant factors including eight that are specifically enumerated in that section. The court is not required to make a written finding on all of the factors listed in that section, "but the relevant factors must be detailed." *Speer*, 155 S.W.3d at 62.

In his brief, Father does not dispute that the judgment lacked the findings required by Section 452.375.6, including Section 452.375.2. Rather, he argues that "[b]ecause no modification of custody was

---

3. Under Section 452.400.1, a parent not granted custody of a child is entitled to visitation. Where the parties are awarded joint physical custody, there is no visitation schedule, only a joint physical custody schedule,

and conversely, where one parent is awarded sole custody, there is not a joint custody schedule, only a visitation schedule. *Loumiet v. Loumiet*, 103 S.W.3d 332, 337–38 (Mo.App. W.D.2003).

requested nor granted, the judgment of modification was not required to include written findings factors [sic] listed in Section 452.375 under this Court's decision in *Baker* and the trial court's decision must be affirmed." In support, he relies on *Baker v. Welborn*, 77 S.W.3d 711 (Mo.App. S.D.2002), in which this court held that a change of custody occurs if the time a parent has a child under his or her supervision is altered significantly or drastically, but lesser alterations are simply considered changes to visitation. *Id.* at 718. This court held that even if the judicial determination is one of visitation rather than custody, the Section 452.375.2 factors are appropriately considered in determining whether changes should be made. *Id.* at 720. In either case, there is a required finding that the change is in the best interests of the child.

*Buchanan*, was decided after *Baker*. In *Buchanan*, one of the issues was whether the trial court was required to make written findings pursuant to Section 452.375.6, and, by reason thereof, Section 452.375.2. 167 S.W.3d at 698–99. In that modification case, the father argued that the trial court was required to make those findings because the parties disagreed about the child's residence and a parenting plan. *Id.* at 701. The mother, on the other hand, argued that since the parties had agreed on a joint custody designation, no written findings were required. *Id.* The Supreme Court of Missouri held:

> Although the parties had agreed that father and mother should have joint custody, they did not agree on the residence address for the child or on a parenting plan. *While these may be sub-issues of custody, they were contested and required the court's resolution. So long as any issue or sub-issue of custody is subject to contest between the parties and resolution by the court,*

*written findings that include discussion of the applicable factors from section 452.375.2 are required.* (emphasis added).

*Id.* at 702. *See also Clary v. Orellana*, 168 S.W.3d 106 (Mo.App.S.D. 2005). The underlying rationale of Father's contention that the trial court was not required to make the statutory findings is, therefore, incorrect. The judgment relating to custody must be reversed and the case remanded for further proceedings not inconsistent with this opinion.

Mother also contends that the trial court erred in not adopting a parenting plan containing provisions relating to daughter. Father's motion to modify alleged that it would be in the best interests of the "children" for there to be a specific schedule for his contacts with "the minor children" in accordance with the parenting plan he proposed. That parenting plan dealt with both children. The modification judgment provided, *inter alia*, that the original decree "shall be modified and [Father] shall have the periods of contact/visitation as set forth in the Judicial Parenting Plan attached hereto ...." That parenting plan specifically stated that it applied only to the minor child.

■ In contending that the failure to include daughter in the provisions of the parenting plan, also requires a reversal, Mother relies on Sections 452.375.9 and 452.310.7, *In re Marriage of Parmenter*, 81 S.W.3d 234 (Mo.App. S.D.2002), and *In re Marriage of Peterson*, 39 S.W.3d 580 (Mo. App. S.D.2001). Section 452.375.9 requires that any judgment providing for custody shall have a specific written parenting plan setting forth the terms specified in Section 452.310.7. Section 452.310.7 specifies the minimum subject matters that must be

contained in a parenting plan.[4] In *Parmenter*, a dissolution decree was reversed, in part, because the judgment failed to include all of the Section 452.310.7 requirements for a parenting plan. 81 S.W.3d at 237. In *Peterson*, a judgment of modification was reversed because the parenting plan incorporated into the judgment was not attached to the judgment or included in the record on appeal. 39 S.W.3d at 852.

None of these authorities stand for the proposition, implicitly espoused by Mother, that a judgment modifying a dissolution decree as to custody of more than one child must contain a parenting plan covering both children if custody is changed as to only one. Here, the judgment specified that the dissolution decree was being modified as set forth in the parenting plan. That plan did not change anything with reference to the daughter. Obviously, the trial court did not find it necessary to include the daughter in the parenting plan under these circumstances. Even if the case was reversed on this basis, Section 452.310.10 now in effect would not require the relief sought by Mother. Mother has not demonstrated that the trial court erred in this regard.

In another point relied on, Mother contends that the trial court erred in modifying Father's support obligation for the minor children because it was against the weight of the evidence and constituted a misapplication of the law. She argues that there was no showing of a substantial and continuing change of circumstances, no findings as to the presumed correct amount of child support, and no finding of a factual basis to conclude that the presumed correct child support amount was unjust and inappropriate.

In the decree dissolving the marriage, the trial court found that the provisions of the Marital Settlement Agreement and Proposed Parenting Plan agreed upon by the parties was in compliance with Rule 88.01, Missouri Rules of Civil Procedure. (2001),[5] and Form 14. Father, who was then in the military, was ordered to pay $787 per month for the support of the minor children, however, should either child become emancipated, his support obligation would be $557 per month. The parenting plan adopted as part of that judgment stated that the child support amount had been determined by a Form 14 using, *inter alia*, the monthly gross income of $3,822 for Father and $1,248 for Mother. The parenting plan also called for each party to pay one-half of the costs of certain types of expenses for the children's post-secondary education. In his motion to modify, Father's allegations included, *inter alia*, the fact that he was no longer in the military; he had been unable to find full time employment other than substitute teaching paying $60 per day; and from his military retirement of $1,401 per month, $700.50 was being sent directly to Mother with him receiving the other $700.50.

At the time of the hearing on the motion to modify, Father testified that he was

---

4. Section 452.310.7 provides that a parenting plan shall set forth the arrangements believed to be in the best interest of the "minor" children. It has been held that the age of majority for child custody purposes is eighteen unless the provisions of Section 452.340.4 or .5 apply. *Scruggs v. Scruggs*, 161 S.W.3d 383, 391 (Mo.App. W.D.2005). Since the judgment was entered in this case, Section 452.310 has been amended to include subsection 10 which provides, *inter alia*, that "the filing of a parenting plan for any child over the age of eighteen for whom custody, visitation, or support is being established or modified ... is not required."

5. All other references to rules are to Missouri Rules of Civil Procedure (2004) unless otherwise indicated.

then employed as a maintenance supervisor earning an approximate gross monthly income of $3,033, and the court found that he receives a monthly military pension of $1,408 of which Mother receives one-half pursuant to the earlier decree. Therefore the court determined that his monthly gross income is $3,737 versus his stipulated monthly income of $3,882 at the time of the original decree. In its judgment of modification, the trial court noted that pursuant to Section 452.325.2 it was not bound by the parties' agreement as to child support; found "there is a basis for a modification of [Father's] child support obligation pursuant to [Section 452.325]"; and it attributed income to Mother of $10 per hour which was what she had received most recently working as a dental assistant before voluntarily terminating that employment. The court noted Mother's testimony that she was not working because the minor child had suffered brain damage in an accident requiring her to assist him with this homework, found that testimony was not credible, and found that the reason she was unemployed was because she and her husband were in bankruptcy and any income she would receive would be used by the bankruptcy trustee to reduce her liabilities to creditors. The court found that the income attributable to Mother was $2,440 per month ($1,733 imputed to her [6] and $707 received from Father's military pension), or $1,190 more than when the original decree was entered. It also found that the annual cost of daughter's pre-med college program was $5,555.98 for each of the parents.

In modifying the child support award, the court found:

The Court rejects the Form 14 calculation submitted by [Mother]. The Court finds that the Form 14 calculation submitted by [Father] is credible; however, because of the expenses [Father] is required to pay for the parties' daughter, the Court finds that the application of [Rule 88, Missouri Rules of Civil Procedure (2004)] and the Form 14 calculation is unjust and inappropriate and deviates from the guideline and the Court orders [Father] to pay the sum of $433[ ] as and for the support of the parties' son and continue to be obligated to pay one-half the college expenses for [daughter].... [7]

▮ In this point, Mother first contends that there was no showing of a substantial and continuing change of circumstances supporting the modification of child support. She points out that pursuant to Section 452.370.1, a child support award may only be modified upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. Mother argues, however, that Father "offered no evidence as to his changed circumstances except for the slight and perhaps temporary reduction in his monthly income, and the requirement to pay his daughter's educational expenses." She also argues that while there was evidence of the current costs for tuition and fees at the University of Missouri–Columbia (which fees were to be used to establish

---

**6.** Mother does not attack the imputation of this income to her on this appeal.

**7.** According to the record, daughter began full time enrollment in the University of Missouri–Kansas City Pre–Med program in the fall of 2003, although some expense had been incurred because she also took some classes prior to that time. Father paid one-half of

the bills submitted to him for the summer of 2003. For the expenses covering the fall and spring semesters of 2003–2004, Father obtained a loan and checks were sent to the schools but returned because Mother had paid the tuition and fees. At the time of trial, Father had still not actually paid any of the expense for those two semesters.

the maximum expense obligation during any given year), there was no evidence as to what those costs were at the time of the original judgment.

In determining child support, the court's function is to protect the best interests of the child. *Word v. Peterson,* 57 S.W.3d 894, 897 (Mo.App. W.D.2001) (quoting *Harrison v. Harrison,* 28 S.W.3d 500, 501 (Mo.App. E.D.2000)). Child support remains subject to modification even though the original decree incorporated a settlement agreement between the parties. *Potter v. Potter,* 90 S.W.3d 517, 520 (Mo. App. S.D.2002). Under such circumstances, however, the party seeking modification has the burden of proving that he or she is unable to support the child in the manner contemplated at the time the settlement agreement was incorporated into the dissolution decree. *Id.* at 522.

In reviewing the judgment, it appears that the trial court based its decision to modify the child support on an improved financial condition of Mother (by imputing income to her), and the amount Father would be required to pay for daughter's college education under the earlier agreement. We hold that, under the circumstances here, these conclusions were erroneous.

Pursuant to Section 452.370.1, in order to modify a child support award, there must be a showing of changed circumstances so substantial and continuing as to make the terms of the support award unreasonable. In making that determination the trial court shall consider all financial resources of both parties, and the earning capacity of a party who is not employed. The parent seeking the modification has the burden of proving a substantial and continuing change in circum-

stances sufficient to modify child support. *Brown v. Brown,* 19 S.W.3d 717, 724 (Mo. App. W.D.2000). Here, it is not clear what the trial court determined as a basis for modifying the child support award. It merely said that based on the facts and findings set forth in the judgment, there was a basis for modification pursuant to Section 452.325.[8]

In its findings, the trial court referred to the imputation of income to Mother; the fact that with that income imputed to her she would have monthly income $1,190 greater than at the time of the dissolution; and that the estimated cost to each parent of daughter's expense in attending the University of Missouri–Kansas City Pre–Med program was $5,555.98 per year. Thus, it appears that these were the bases for the apparent conclusion that there had been a substantial and continuing change of circumstances sufficient to support a modification of child support.

With reference to the imputation of income to Mother, this court has declined to hold that a parent paying child support is entitled to a reduction if the parent receiving it experiences an increase in income. *In re Marriage of Deane,* 798 S.W.2d 732, 735 (Mo.App. S.D.1990). *See also McMickle v. McMickle,* 862 S.W.2d 477, 481 (Mo.App. W.D.1993) (more than a twenty percent increase in income by a parent receiving child support is not a valid basis for a prima facie showing of a substantial change of circumstances); *In re Marriage of Stanley,* 793 S.W.2d 487, 489 (Mo.App. E.D.1990) (an increase in the income of a parent receiving child support "neither justifies nor requires modification of the terms of an award"). Thus, the imputed income increase to Mother was not alone sufficient to provide the required

8. We note that Section 452.370.1, not Section 452.325, provides the statutory basis for modification of a child support award. *Brown,* 19 S.W.3d at 724.

continuing and substantial change necessary to the modification.

 The other factor discussed by the trial court was the fact that each parent's share of the then present educational expense of daughter was $5,555.98. We are not directed to any portion of the record establishing what the expense would have been at the time of the dissolution decree, or even what the parties anticipated, at the time, that it would be.[9] "Section 452.370, RSMo (Supp.1990), requires a change in circumstances that is substantial and continuing in nature, such as to make the original judgment unreasonable, before a motion to modify will be granted." *Campbell v. Campbell,* 825 S.W.2d 319, 321 (Mo.App. W.D.1992). "The party seeking modification has a heavy burden of proving he is unable to support his children in the manner contemplated at the time the separation agreement was incorporated into the dissolution decree." *Brown,* 19 S.W.3d at 724.

In this case, the evidence was that, at the time of trial, Father's income was only $145 per month less than at the time of the original decree. Without evidence concerning the comparative costs of the relevant items at the University of Missouri-Columbia at the time of the original decree and at the time of this trial, we are unable to determine whether those comparative costs were sufficient to provide a basis to modify the child support.

Mother also complains that the trial court failed to make findings of the presumed child support amount or a finding of the factual basis to support the conclusion that the presumed child support amount was unjust and inappropriate. These contentions are also well taken.

 Rule 88.01 "requires a determination of the presumed correct child support amount pursuant to a correct Form 14 calculation in every case in order to insure that the child support guidelines are considered as mandated." *Woolridge v. Woolridge,* 915 S.W.2d 372, 380 (Mo. App. W.D.1996). In order to rebut the presumed correct amount of child support as unjust or inappropriate, it is axiomatic that there must first be a calculation of the presumed amount. *Id.* Without a determination on the record as to the Form 14 presumed correct child support amount, meaningful appellate review would be doubtful at best in cases of deviation. *Id.* Inadequacy of the record concerning the determination and finding of the presumed correct child support amount pursuant to Rule 88.01 using Form 14, and why the presumed correct child support amount should be rebutted, if the trial court so determines, require reversal. *Neal v. Neal,* 941 S.W.2d 501, 504 (Mo. banc 1997).

In the instant case, the trial court did not find for the record the presumed correct child support amount. It rejected the Form 14 filed by Mother; found that the Form 14 filed by Father was "credible"; found that because of the expenses Father is required to pay for daughter, the "application of Missouri Rule of Civil Procedure 88 and the Form 14 calculation is unjust and inappropriate and deviate[d] from the guideline";[10] and it then ordered Father

9. The anticipated college expenses were apparently not incorporated into the Form 14 calculations that the dissolution decree was based on.

10. We assume this was the factual basis relied on by the trial court in finding that the presumed correct amount of child support was rebutted as unjust or inappropriate. We note that there is authority that a court may address college expenses in a Form 14 calculation, as a basis for rebutting a Form 14 amount as unjust or inappropriate, or by entering a separate order of support for such expenses in lieu of including them in the trial court's Form 14 calculation or rebutting the

to pay the same amount contained in Father's Form 14. If the trial court meant, by finding that Father's Form 14 was "credible," that it was adopting that as the presumed correct child support amount, the record does not indicate how or why it rebutted it as "unjust and inappropriate" but then ordered child support in the same amount reflected on the form. Conversely, if the $433 ordered as child support for the minor child was the result of deviation from some other determination of the presumed correct child support amount, the calculation from which the deviation occurred is not apparent from the record. In short, we are unable to determine from this record what the trial court determined was the presumed correct child support amount and how it was calculated. This requires a reversal and remand with reference to the portion of the judgment relating to child support. *Neal,* 941 S.W.2d at 504.

■ In her third and last point on appeal, Mother contends that the trial court erred in denying her motion for new trial. She alleges that the ruling was "against the clear weight of the evidence and was an abuse of discretion in that critical factors had changed between the entry of the judgment and the filing of the motion and the judgment omitted findings which were required by law."

Rule 84.04(d)(1) requires that a point relied on "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the contest of the case, those legal reasons support the claim of reversible error." That rule also contains an example of the form a point relied on should be in. Significantly, Rule 84.04(d)(4) provides that

"[a]bstract statements of law, standing alone, do not comply with this rule."

This point relied on fails to comply with the requirements of Rule 84.04(d). As such, it preserves nothing for appellate review. *Hall v. Mo. Bd. of Probation and Parole,* 10 S.W.3d 540, 544 (Mo.App. W.D. 1999). Accordingly, we do not review Mother's third point.

The judgment is reversed with reference to the portions relating to child custody and child support, and the case is remanded for further proceedings not inconsistent with this opinion.

BATES, C.J., and BARNEY, J.,— concur.

Form 14 amount. *See Smith v. White,* 114 S.W.3d 407, 413–14 (Mo.App. W.D.2003).