**Kimberly DeGENNARO, Respondent,**

v.

**Theodore ALOSI, Appellant.**

**No. WD 73854.**

Missouri Court of Appeals,
Western District.

Jan. 8, 2013.

Nancy A. Garris, Blue Springs, MO, for respondent.

Allen S. Russell, Jr., Kansas City, MO, for appellant.

Before Division Two: LISA WHITE HARDWICK, Presiding Judge, and JAMES M. SMART, JR., and KAREN KING MITCHELL, Judges.

KAREN KING MITCHELL, Judge.

Theodore M. Alosi appeals the judgment of the trial court that denied his motion to modify child support and awarded $15,000 in attorney's fees to Kimberly DeGennaro.

Because no final appealable judgment was entered, this appeal is dismissed.

## Factual and Procedural Background

Alosi and DeGennaro were never married. They have two children, Jacob (born in October 2002) and Emma (born in August 2004). A judgment determining custody for Jacob was entered in Solano County, California, in November 2003.[1] A judgment determining custody for Emma and support for both children was entered in Carroll County, Missouri, in September 2005. Currently, Alosi lives in California, and DeGennaro lives with both children in Missouri. Alosi filed a motion to modify custody and support on August 23, 2007. DeGennaro filed a motion for attorney's fees. The court held a hearing on May 12, 2009, at which time, Alosi testified and presented evidence in support of his motion. At the next scheduled hearing, on July 13, 2009, the court did not take additional evidence but, instead, heard argument on DeGennaro's motion to dismiss filed earlier that day. The court ultimately overruled the motion to dismiss and scheduled a hearing for DeGennaro to present her evidence on January 27, 2010.

On the January hearing date, Alosi and DeGennaro spent most of the day negotiating custody. The parties edited and marked up a draft parenting plan prepared by the appointed guardian ad litem (GAL), eventually reaching an agreement on the terms for custody (proposed parenting plan). The court questioned both Alosi and DeGennaro on the record, and both acknowledged that they had reviewed the proposed parenting plan individually and with counsel and that they agreed to and understood its terms. They further acknowledged that they understood the trial court's intent to enter a judgment and order modifying custody consistent with the proposed parenting plan. The court noted that the issue of child support and DeGennaro's request for attorney's fees had not yet been resolved and requested that additional documents be submitted, without further hearing or argument, so that the court could rule on the remaining issues. The parties acknowledged this request for additional information and did not request any additional hearing dates.

On January 27, 2010, both parties signed one original draft of the proposed parenting plan. The plan was still in rough form, with handwritten edits appearing throughout the document. The proposed parenting plan was not admitted into evidence while the court was making a record; rather, the court directed the parties to make copies and to deposit the original with the court. Specifically, after the attorneys informed the court that both parties had signed the original proposed parenting plan, the court stated: "If we find a copier, let's get copies, or all copies; then, if you will, deposit the original with the court file before we leave this afternoon."

The court summarized the day's proceeding and the next steps for the parties:

It's my understanding of the procedure here [that the guardian ad litem] will . . . endeavor to duplicate [the proposed parenting plan] exactly as you all have agreed to it today, but smoothing it up from where we made any pending changes and the like, and submit [it to] both Counsel for approval as to form. It will then be forwarded to me.

I might—well, I can prepare a judgment, covered judgment to go with that approval. I think I can handle that. As I said, I will ask Counsel to forward all of your responses to discovery at least dealing with financial matters, tax

1. The California judgment was subsequently registered in Missouri.

returns, employment records, all those matters as opposed to filing them with the case where they would be public record. If you would send those to my chambers ... I will review those and endeavor to address the remaining issues as promptly as I can.

Both attorneys and the GAL stated that there was nothing further to address, and the court adjourned.

The record does not reflect that the original draft of the proposed parenting plan was ever deposited with the court, as directed. Nor does the docket sheet indicate that a finalized version of the parenting plan was ever filed with the court. One copy of the proposed parenting plan, a typed document with handwritten edits, marked as "GAL Exhibit 4," is included in the appendix of both parties' briefs on appeal. The proposed parenting plan, however, is not included in either the legal file or as an exhibit in the record on appeal.

The docket entry dated January 27, 2010, states in pertinent part:

It is therefore: ORDERED that previous provisions in this Court and, to the extent still operative, in the earlier judgment of the California court, herein registered, pertaining to custody, visitation, parenting time, support, and all other financial matters touching on the welfare of the minor children are set aside. In there [sic] stead, the Court approves the Parenting Plan submitted and directs that forthwith and hereafter the parties comply with the provisions of the same. Counsel are to provide the Court, in chambers, all responses to discovery requests heretofore provided or received such that the Court can prepare an appropriate Form 14 for the purpose of establishing child support

and for the additional purpose of ruling on the remaining issue of Petitioner's request for attorney's fee[s]. Upon receipt of the aforesaid material and review by the Court a formal judgment entry will be made. Case taken under advisement for the last stated limited purposes.

David H. Miller, Judge.

The proposed parenting plan was not attached to the order, and, as noted above, there is nothing in the record to indicate that it had been filed with the court.

Alosi provided the requested discovery documents on or about January 29, 2010. DeGennaro provided a statement of attorney's fees on or about December 13, 2010. Thereafter, on December 31, 2010, approximately eleven months after the agreement was reached regarding the proposed parenting plan, the court entered a "Judgment Entry" (judgment).

In the second paragraph of the judgment, the court stated:

[T]he cause came before the Court on 27 January 2010 at which time the parties, following prolonged negotiations of that date, presented a parenting plan which the Court approved and which resolved all outstanding issues between the parties excepting proposed modification of the level of child support paid or to be paid by [Alosi] and [DeGennaro's] request for attorney's fees. Leave was granted to counsel to supplement the file with discovery previously provided and it was stipulated by the parties that the Court would resolve these remaining issues without additional evidence or argument.

The judgment denied Alosi's request for modification of child support and awarded DeGennaro $15,000 in attorney's fees.[2]

---

**2.** After the findings of fact and conclusions of law, the judgment states:

Other than mentioning the parenting plan in the second paragraph, the court did not address custody and failed to attach any parenting plan to the judgment. Alosi filed a Motion for New Trial and/or Motion to Amend Judgment on January 28, 2011, requesting that the trial court grant a new trial on the issues of child support and attorney's fees and that the court amend its judgment to include the parenting plan. The trial court did not rule on the motion, and, therefore, it is deemed denied. Alosi filed a timely appeal.

## Analysis

Alosi raises three points on appeal. First, he argues that the trial court erred by failing to include the parenting plan or an order related to custody modification in the judgment. Second, he argues that the trial court erred in denying his motion to modify child support in that the court failed to either reject the Form 14 filed by either party or prepare its own Form 14. Finally, he argues that there was insufficient evidence to support the award of attorney's fees to DeGennaro.

> IT IS THEREFORE THE JUDGMENT OF THE COURT, concluding matters continued in the Court's Interlocutory Judgment of 27 January, 2010:
> 1. That Movant/Respondent's Motion to Modify as to Child Support is denied.
> 2. That Judgment is entered in favor of Jack A. Cockran [sic], Attorney for Respondent to Motion/Original Petitioner, for legal services rendered in the sum of Fifteen Thousand Dollars ($15,000). Execution on said Judgment is stayed to April 1, 2011.
> 3. The costs of this action are taxed to the Movant Theodore Alosi.
> SO ORDERED: 31 December 2010.

3. All statutory references are to RSMo 2000, as updated through the 2011 cumulative supplement, unless otherwise noted. Section 512.020 includes the following exceptions to the final judgment rule:

(1) Order granting a new trial;

■ Before we consider the merits, we must first address jurisdiction, as "[w]e have a. duty to determine *sua sponte* whether we have jurisdiction over the appeal." *Melson v. Traxler*, 356 S.W.3d 264, 268 n. 9 (Mo.App. W.D.2011). Because we conclude that there is no final appealable judgment, we must dismiss this appeal without addressing the merits of Alosi's arguments.

■ The right to an appeal is statutory, and, absent one of the exceptions expressly stated in section 512.020, a final judgment is a prerequisite to appellate review. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 852 (Mo. banc 1997) (citing *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995)). None of the statutory exceptions apply in the present case; therefore, a final judgment is required. *See* § 512.020.[3] "A final and, therefore, appealable judgment disposes of all issues for all parties in the case and leaves nothing for future determination." *Collins v. Collins*, 923 S.W.2d 487, 489 (Mo.App. S.D.1996).

(2) Order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction;
(3) Order granting or denying class action certification provided that:
(a) The court of appeals, in its discretion, permits such an appeal; and
(b) An appeal of such an order shall not stay proceedings in the court unless the judge or the court of appeals so orders;
(4) Interlocutory judgments in actions of partition which determine the rights of parties; or
(5) Final judgment in the case or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.

In some instances, "if the combined effect of several orders entered in a case, including an order denominated 'final judgment,' is to dispose of all issues as to all parties, leaving nothing for future determination, then the *collective* orders combine to form the final judgment' from which an appeal can be taken." *RLI Ins. Co. v. S. Union Co.*, 341 S.W.3d 821, 828 (Mo.App. W.D.2011). In other words, if an interlocutory order fully disposes of an issue, then the subsequent entry of a final order that incorporates the interlocutory order by reference can constitute a final judgment for purposes of appeal, so long as the final order is denominated a "judgment" or "decree," it fully disposes of all remaining issues, and it satisfies all other requirements for a final judgment, including those found in Rule 74.01(a).[4]

Here, the court's reference in its judgment to the prior order modifying custody was sufficient to incorporate the prior order into the judgment. But the judgment as to custody must also be final for purposes of appeal, and we determine that it is not because the parenting plan was not described with any particularity in, nor was it attached to, either the order of January 27 or the judgment of December 31.

With specific regard to custody modifications, "[s]ection 452.375.9 mandates that the [judgment] 'include a specific written parenting plan setting forth the terms of such parenting plan arrangements specified in subsection 7 of section 452.310.' " *In re Marriage of Peterson*, 39 S.W.3d 580, 582 (Mo.App. S.D.2001) (quoting § 452.375.9). The complete absence of a parenting plan leaves the reviewing court "to speculate whether the parties ever reached or executed a final written agreement constituting a parenting plan" as required by statute, *id.* at 584, and, without inclusion of a final parenting plan, any resulting judgment fails to resolve, and, therefore, fully dispose of, all issues. In *Peterson*, the appeal was dismissed because, although the judgment referred to a parenting plan (and even referred to it as an exhibit), no exhibit was attached to the judgment and none appeared in the record. *Id.* at 582, 584. Therefore, the judgment failed to resolve the issue of custody and was not considered final and appealable. *Id.* at 581–84. Unless all issues are resolved by judgment or decree, leaving nothing for future determination, there is no final, appealable judgment. *See Collins*, 923 S.W.2d at 489.

The second paragraph of the judgment refers to the January 27, 2010, hearing and states that the parties "presented a parenting plan which the court approved and which resolved all outstanding issues between the parties excepting proposed modification of the level of child support paid or to be paid by [Alosi] and [DeGennaro's] request for attorney's fees." Although it is clear that the trial court's intent was to approve the proposed parenting plan as the final parenting plan, the fact that no version of the plan was ever filed with the trial court leaves the issue of custody unresolved. While, as discussed above, all issues in a case need not be resolved at the same time, *RLI Ins. Co.*, 341 S.W.3d at 828, they must all be fully resolved at some point, and there must be a final judgment or decree entered. *Hughes*, 950 S.W.2d at 852–53. Although mentioned in the judgment, the proposed parenting plan is not described with any particularity within either the trial court's judgment or

4. All rule references are to the Missouri Supreme Court Rules 2012, unless otherwise noted.

the prior order. Furthermore, there is no parenting plan attached to either the judgment or the order, and we cannot independently "glean from the record the particulars of the parenting plan." *Peterson*, 39 S.W.3d at 582.

In *Peterson*, the appellate court was left to speculate as to what the parties agreed to because no parenting plan was attached to the judgment or supplied by the parties in the record on appeal. *See Peterson*, 39 S.W.3d at 582 n. 7 (noting that "[w]ithout engaging in speculation or conjecture, we have been unable to ascertain from the record sufficient evidence of the contents of any purported parenting plan to which the parties may have agreed that would meet statutory requirements"). Similarly, in the present case, although the parties have included a copy of the proposed parenting plan, with significant handwritten edits, in the appendices to their briefs, we are still unable to ascertain the contents *from the record*. Although we would prefer to resolve the case on its merits, documents in the briefs' appendices are not part of the record on appeal and, therefore, cannot be considered by this court.[5] Moreover, there is nothing in the record to show that the proposed parenting plan was ever filed with the court below. At the hearing on January 27, 2010, the court did not refer to the proposed parenting plan

by an exhibit number or accept the exhibit into evidence, and there is nothing in the transcript or docket entries to indicate that the proposed parenting plan was filed with the court after the hearing concluded.

This is not a situation where the judgment resolves the issue of custody but is deficient in some other way that may be corrected on remand. *See, e.g., In re Marriage of Wilson*, 181 S.W.3d 575, 579–80 (Mo.App. S.D.2005) (holding that although the final parenting plan was attached and judgment entered as to custody, because the judgment did not include the statutorily mandated written findings required when parties are not in complete agreement as to the custodial arrangement, the case must be remanded for the trial court to make the necessary findings). Instead, this is a situation where we lack a sufficient record to review the trial court's decision because the parenting plan that was apparently agreed to by the parties and approved by the trial court was not attached to the judgment or sufficiently identified in the court record; the result being that the issue of custody is left unresolved.

When issues before the court are left unresolved, there is no final, appealable judgment.[6] And in the absence of a final,

---

5. " 'The mere inclusion of documents in an appendix to a brief does not make them part of the record on appeal.' " *Washington v. Zinn*, 286 S.W.3d 828, 831 (Mo.App. E.D. 2009) (quoting *State ex rel. Miss. Lime v. Mo. Air Conservation Comm'n*, 159 S.W.3d 376, 380 n. 2, n. 10 (Mo.App. W.D.2004)). "We do not consider documents in an appendix that are not in the record on appeal." *Id.* Moreover, "[d]ocuments ... not made part of the record below ... cannot be introduced into the record on appeal, and we cannot consider them." *In re J.M.*, 328 S.W.3d 466, 469 (Mo. App. E.D.2010) (internal citations omitted). "Furthermore, the trial court's mere knowledge that a document or other evidence exists is insufficient to allow introduction of such

evidence for the first time on appeal." *Id.* Thus, in the present case, the agreed-upon parenting plan was never submitted to the court, and, therefore, it was not part of the record below. It is clear that the trial court was aware that the parties had drafted a plan and that the court intended to approve it and enter judgment accordingly. However, as stated, the court's knowledge that the document existed is, alone, insufficient; the document must be made part of the record below.

6. Both parties argue that the trial court's judgment was deficient, but the parties' arguments miss the mark, and, thus, are not relied upon by this court. Alosi argues that the

appealable judgment, we lack jurisdiction to entertain the appeal.

### Conclusion

As there is no final, appealable judgment, this appeal must be dismissed.

LISA WHITE HARDWICK, Presiding Judge, and JAMES M. SMART, JR., Judge, concur.

December 31, 2010, judgment is final and appealable but is deficient in that it does not include the proposed parenting plan or any determination regarding custody; thus, he requests that we remand the case and direct the trial court to include the parenting plan in its judgment along with "formal orders setting aside the prior custody orders." But, as explained above, we must dismiss the appeal because there is no final, appealable judgment resolving all of the issues raised by the parties. DeGennaro argues that the appeal must be dismissed because the judgment of the trial court is void *ab initio* in that it is not supported by competent and substantial evidence. But DeGennaro advocates the wrong standard for determining finality of a judgment. A judgment may be erroneous, and thus subject to reversal, if it is not supported by competent and substantial evidence, but that, alone, does not deprive the judgment of finality or deprive this court of jurisdiction. *See, e.g., Davidson v. Fisher,* 96 S.W.3d 160, 165–67 (Mo.App. W.D.2003).