**ST. LOUIS UNIVERSITY d/b/a St. Louis University Hospital, Plaintiff–Respondent,**

v.

**TRANSPORT LIFE INSURANCE COMPANY, Defendant– Appellant.**

**No. 62005.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 8, 1992.

Carl James Lumley, Clayton, for defendant-appellant.

Nicholas Glen Higgins, Clayton, for plaintiff-respondent.

STEPHAN, Judge.

St. Louis University d/b/a St. Louis University Hospital ("the Hospital") sued Transport Life Insurance Company ("Transport Life") for damages for breach of contract based on its claims that: (1) Robyn Weadon ("Weadon"), upon being admitted into the Hospital, assigned his benefits payable under his contract of insurance with Transport Life to the Hospital; and (2) Transport Life failed and refused to pay, in full, the Hospital's regular charges for Weadon's hospitalization. From a judgment in favor of the Hospital and against Transport Life, Transport Life appeals. We affirm.

The parties stipulated to the following evidence. Weadon was admitted to the Hospital on April 21, 1990 and was discharged on April 28, 1990. During that admission, Weadon incurred charges total-

ing $13,837.30. The Hospital and Transport Life stipulated that these charges were and are reasonable. There was a contract of insurance between Transport Life and Weadon, which was in full force and effect at all times relevant to this case. Transport Life paid the Hospital $2,300.00 on Weadon's charges and that payment was applied to Weadon's hospital bill. The Missouri Crime Victims' Fund paid the Hospital $2,783.94 and that amount was applied to Weadon's hospital bill. The Hospital has demanded payment of the remaining balance and Transport Life has failed and refused to pay the same. On or about October 11, 1990, Transport Life did, however, pay Weadon $8,718.30.

The Hospital sued Transport Life, claiming damages of $8,718.30. The Hospital argued that: (1) Weadon, upon being admitted into the Hospital, assigned his benefits payable under his contract of insurance with Transport Life to the Hospital; and (2) Transport Life failed and refused to pay Weadon's remaining balance. Transport Life denied liability contending that since Weadon failed to initial four clauses, including the assignment of insurance benefits clause, Weadon's signature at the bottom of the form fails to effectuate an assignment. Transport Life filed a third-party claim against Weadon to recover the $8,718.30 it paid to him, in the event that the trial court held Transport Life liable to the Hospital.

On April 7, 1990, the trial court held a hearing. Although the Hospital and Transport Life appeared by counsel, Weadon failed to appear and is in default. At the close of evidence and arguments of counsel, the trial court entered a judgment in favor of the Hospital and against Transport Life in the amount of $8,718.30, plus court costs. The trial court also entered a judgment in favor of Transport Life and against Weadon in the amount of $8,718.30, plus court costs. Transport Life currently contends that we should reverse the trial court's judgment against it and in favor of the Hospital. Transport Life further contends that we should also reverse the trial

court's judgment in its favor and against Weadon.

In its sole point on appeal, Transport Life argues that the trial court erred in determining that Weadon assigned to the Hospital the benefits payable under his contract of insurance with Transport Life. Specifically, Transport Life argues that this determination is not supported by substantial evidence and is against the weight of the evidence in that: (1) the Hospital's only evidence regarding the alleged assignment of benefits was its admission form; and (2) Weadon failed to fill out the portions of that form regarding assignment of insurance benefits.

Review of this court-tried case is governed by Rule 73.01 and the well-known principles presented in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Therefore, the trial court's decision must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.* at 32. We exercise the power to set aside a decree or judgment on the ground that it is against the weight of the evidence with caution and with a firm belief that the decree or judgment is wrong. *Id.*

Exhibit 1 is Weadon's admission form. The trial court entered this exhibit by joint stipulation of the parties. This form is divided into four sections. Weadon signed each of these four sections. The first section guarantees payment for the services rendered upon admission. The second section authorizes payment of benefits to physicians. The third section specifically authorizes physicians to release medical information to whomever. The fourth section contains four clauses: (1) medicare assignment certification; (2) lifetime reserve; (3) assignment of insurance benefits; and (4) release of information. Each of these clauses has a space for initials. Although Weadon failed to initial these clauses, he signed the fourth section. Preceding his signature is the following agreement: "the undersigned certifies that he/she has read the statements initialed above and is the patient or is duly authorized by the patient

as the patient's general agent to execute the above and accept its terms."

At issue before the trial court was the question of whether Weadon's failure to initial the four clauses contained in the fourth section rendered his signature at the bottom of this section ineffective. The trial court found: "the signing of this document effectively assigned all four of those clauses—was an acknowledgment to all four. I am going to read it as an exclusionary type signature, meaning that that's the only one it applied to. By signing the document it adopted all four." We agree with the trial court. When Weadon signed the fourth section, he intended to accept each clause contained therein. Since there is substantial evidence to support the trial court's decision, it is not against the weight of the evidence, and it neither erroneously declares nor applies the law, it is affirmed. Transport Life's point is, therefore, denied.

We note that in its appellate brief, Transport Life argues that the assignment of insurance benefits clause in the fourth section requires specification of the insurance benefits being assigned. It further argues that since no insurance benefits were identified under this clause, there is no proof of an assignment of benefits. Transport Life did not present this theory to the trial court. The trial court even specifically asked the parties whether they were concerned about the language of the assignment. Neither party voiced any objection. We will not, on review, hold a trial court in error on an issue which was not put before it to decide. *Matter of Heisserer*, 797 S.W.2d 864, 874 (Mo.App.1990).

For these reasons, the trial court's judgment is affirmed.

GARY M. GAERTNER, P.J., and SMITH, J., concur.