Jonah Edward NICHELSON, a Minor, by Marilyn Jeanne LOHRASBI, Next Friend, and Marilyn Jeanne Lohrasbi, Individually, Petitioners/Respondents,

v.

Troy Eugene ROBERTS, Respondent/Appellant.

No. ED 84657.

Missouri Court of Appeals, Eastern District, Division One.

June 7, 2005.

Susan Kreher Roach, Clayton, MO, for Appellant.

Jonah Edward Nickelson, O'Fallom, pro se.

Marilyn Lohrasbi, O'Fallon, MO, for Respondent.

SHERRI B. SULLIVAN, J.

### Introduction

Troy Eugene Roberts (Father) appeals from a trial court judgment denying his Motion to Modify an amended paternity judgment (Paternity Judgment) and ordering him to pay to Marilyn Jeanne Lohrasbi (Mother) a portion of her attorney's fees. Father alleges the trial court erred in not modifying the amount of child support he was ordered to pay to Mother under the Paternity Judgment and in ordering Father to pay to Mother a portion of her attorney's fees. We reverse and remand in part and affirm in part.

### Factual and Procedural Background

On December 18, 2002, at trial on a paternity action regarding Jonah Edward Nichelson (Child), Father introduced a Notice and Finding of Financial Responsibility, dated December 17, 2002, and issued by the Division of Child Support Enforcement (DCSE), advising Father that, effective January 15, 2003, he would be required to pay $1,404 per month for the support of two children. The notice specifically stated that it was not an "order" and advised Father as to how he might challenge its finding of financial responsibility.[1] Father did not inform the trial court that on December 17, 2002, Father also signed an administrative consent order, issued by the DCSE, obligating himself, effective January 15, 2003, to pay $1,404 per month for the support of two children.

On January 6, 2003, the trial court entered the Paternity Judgment declaring Father to be the natural father of Child. The Paternity judgment awarded Mother sole legal and physical custody of Child. The Paternity Judgment ordered Father to pay to Mother $760 in monthly child support, as well as amounts for reimbursement of necessaries, attorney's fees, and guardian ad litem fees.[2] Relying on the Notice and Finding of Financial Responsibility, the trial court found in the Paternity Judgment that "Father has one, possibly two other children, but they are not in his actual custody and he has not been or-

---

1. We take this information from the trial court's judgment denying the Motion to Modify as we do not see a copy of the Notice and Finding of Financial Responsibility in the record on appeal.

2. Father did not appeal from the Paternity Judgment.

dered to pay child support for either of them." Thus, the court did not calculate the Form 14 in the paternity action using a Line 2a adjustment [3] for Father.

On June 5, 2003, Father filed a Motion to Modify the Paternity Judgment, requesting, among other things, a modification in the amount of ordered child support. Father alleged the following substantial and continuing change of circumstances required modification:

> That [Father] is providing support for two other minor children and the [Paternity Judgment] did not take into consideration at that time payments by [Father] for child support for two other minor children in computing child support payments regarding [Child].

At the hearing on the motion, Father introduced the administrative consent order issued by the DCSE that had been filed with the Circuit Clerk of St. Louis County on January 21, 2003, obligating Father to pay $1,404 per month for the support of two children. Also, Father testified that he was represented by counsel at the paternity action and that he believed that the administrative consent order was not brought to the trial court's attention at the paternity action because it was not final yet.

On June 24, 2003, Mother filed a cross-motion for contempt arguing that Father had willfully and contumaciously failed to pay the child support, reimbursement of necessaries, attorney's fees, and guardian ad litem fees ordered under the Paternity Judgment.

The trial court entered a judgment denying Father's Motion to Modify, as well as Mother's cross-motion for contempt. In its judgment, the trial court found that had Father informed the trial court at the pa-

ternity action that he had signed the administrative consent order on December 17, 2002, "the Court would have been required to give Father a $1,404 credit, the very credit that he now seeks, on Line 2a of its Form 14. The credit allowed on Line 2a of Form 14 applies to both court and 'administrative' orders." The trial court also found unpersuasive Father's argument that the administrative consent order of December 17, 2002 was not really an "order" until it was filed with the Circuit Clerk of St. Louis County on January 21, 2003. In denying Father's Motion to Modify, the trial court concluded:

> The Court was aware, at the time of the original trial, of Father's impending child support obligation for his two other children. Father was only denied the Line 2a credit, because he led the Court to believe that he was not yet obligated to support those children. This Father did, knowing full well a consent administrative child support order had already been entered and would indeed go into effect on January 15, 2003. Essentially, Father argues that, on the basis of facts that existed at the time of the original trial, the Court should now modify his child support obligation. With Father having withheld from the Court the very order he now relies upon to support his motion to modify, the Court finds no 'change in circumstances' sufficient to support a modification of the original child support award.

The judgment also ordered Father to pay to Mother $7,500 for a portion of her attorney's fees. The trial court noted that the incomes of the parties are almost identical and both parties have working spouses and neither party was the "prevailing party." Regarding the award of attorney's fees, the court found:

---

**3.** A Line 2a adjustment adjusts the amount of a party's monthly gross income by the amount

of any "other court or administratively ordered child support being paid."

Relying upon Section 452.355.2, RSMo, Mother seeks reasonable attorney's fees and costs. Undoubtedly, Mother's cross-motion for contempt 'encouraged' Father, in July 2003, to consent to the transfer of $2,705.00 from his lawyer's trust account to the Family Support Payment Center. Similarly, Father's consent, in September 2003, to the transfer of over $10,000 from his retirement savings plan to satisfy the necessaries judgment mooted a major portion of Mother's cross-motion for contempt. The major goal of Mother's cross-motion for contempt having thus been accomplished, her litigation expenses should have been greatly reduced.

Mother has, however, been required to continue defending Father's motion to decrease child support. For the reasons set forth above, the Court finds that Mother's attorney's fees were unnecessarily increased by Father's actions in pursuing a motion of questionable merit. Father appeals from the judgment denying his Motion to Modify.

### Standard of Review

■ Our review of a judgment on a motion to modify is governed by the principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Rustemeyer v. Rustemeyer*, 148 S.W.3d 867, 870 (Mo.App. E.D.2004). We will affirm the judgment of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32.

### Discussion

■ Father raises three points on appeal.[4] In his first point, Father argues that the trial court erred in not considering the administrative consent order to determine whether Father met his burden of proving a substantial and continuing change of circumstances since entry of the Paternity Judgment.

The provisions of any judgment respecting child support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. Section 452.370.[5]

In the Paternity Judgment, the trial court specifically stated that Father had not been ordered to pay child support for two other children. At the hearing on the Motion to Modify, Father introduced an order obligating him to pay child support for two other children. As the trial court stated in its judgment denying the Motion to Modify, had Father been ordered to pay child support for two other children, as he now is obligated to do, the court would be required to calculate child support for Child under Form 14 with a Line 2a adjustment. Even though we defer to the trial court's determination of not being persuaded by Father's argument that the administrative consent order of December 17, 2002 was not really an "order" until it was filed with the Circuit Clerk of St. Louis County on January 21, 2003, we cannot conclude that Father deliberately misled the trial court to believe that he was not yet obligated to support the two other children, as doing so would not have been to his benefit. It is illogical that Father would have intentionally withheld information that he knew would reduce the amount of his child support obligation for Child and then have the additional burden of filing a motion to modify. Additionally, Father was not actually paying the child

---

**4.** Mother did not file a Respondent's brief with this Court.

**5.** All statutory references are to RSMo 2000, unless otherwise indicated.

support for the two other children at the time the Paternity Judgment was entered.

Further, in its judgment denying the Motion to Modify, the trial court stated that the court was aware, at the time of the original trial, of Father's impending child support obligation for the two other children. However, although expected changes are presumed to be taken into consideration in the original judgment, *Rustemeyer*, 148 S.W.3d at 871, the court did not take such information into consideration in calculating the Form 14 in the paternity action. Therefore, we conclude that the child support terms of the Paternity Judgment are unreasonable, and the trial court erred in not modifying the judgment accordingly. Father's point one on appeal is granted.

■ In his second point on appeal, Father argues that the trial court erred in not properly considering the following evidence to determine whether Father met his burden of proving a substantial and continuing change of circumstances since entry of the Paternity Judgment: (1) Father's "zero paycheck"; (2) Mother's increase in income; and (3) Father's indebtedness.

■ In his Motion to Modify, Father did not allege these circumstances as a basis for modification and accordingly, the trial court did not address them in its judgment under its discussion of the child support issue.[6] We will not, on review, hold a trial court in error on an issue that was not put before it to decide. *St. Louis Univ. v. Transport Life Ins. Co.*, 842 S.W.2d 561, 563 (Mo.App. E.D.1992). Accordingly, Father's point two on appeal is denied.

In his third point on appeal, Father argues that the trial court erred in awarding to Mother a portion of her attorney's fees in the amount of $7,500.

■ The trial court after considering all relevant factors, including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for attorney's fees. Section 452.355.1. In any proceeding in which the failure to pay child support pursuant to a final judgment is an issue, if the court finds that the obligor has failed, without good cause, to comply with such a judgment to pay the child support, the court shall order the obligor, if requested and for good cause shown, to pay a reasonable amount for the cost of the suit to the obligee, including reasonable sums for legal services. Section 452.355.2. We will reverse a trial court's order of attorney's fees only upon a showing of abuse of discretion by the trial court. *Schwartzkopf v. Schwartzkopf*, 9 S.W.3d 17, 24 (Mo.App. E.D.1999).

■ In her cross-motion for contempt, Mother sought attorney's fees under Section 452.355.2. In its judgment, the trial court found that Father was not in contempt for failing to pay child support. Therefore, Mother is not entitled to attorney's fees under Section 452.355.2.

■ In its judgment, the trial court also considered Mother's request for attorney's fees under Section 452.355.1. The court found that the incomes of the parties are almost identical and both parties have working spouses and neither party was the "prevailing party," but that Mother's attorney's fees were unnecessarily increased by

---

6. Under its discussion of Mother's cross-motion for contempt, the trial court noted that due to "the mandatory federal and state withholdings and the two existing child support orders, Father receives little, if any, actual take-home income." However, this comment addressed Father's present ability to pay certain portions of the Paternity Judgment.

Father's actions in pursuing a motion of questionable merit. In light of our finding merit in Father's Motion to Modify, we conclude that the trial court abused its discretion in ordering Father to pay to Mother $7,500 for a portion of her attorney's fees. Accordingly, Father's point three on appeal is granted.

### Conclusion

The judgment of the trial court denying Father's Motion to Modify is reversed and the cause is remanded for the trial court to recalculate Father's child support obligation using a Form 14, Line 2a adjustment for the child support being paid under the administrative consent order. The judgment of the trial court is reversed as to the order of attorney's fees. In all other respects, the judgment of the trial court is affirmed. The costs on appeal shall be borne by Respondents.

GARY M. GAERTNER, SR., P.J., and BOOKER T. SHAW, J., concur.