**Londa J. (Tarver) MORAN,
Respondent,**

v.

**Lindel W. MASON, Appellant.**

No. 28054.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 26, 2007.

Appellant is Pro Se.

No brief was filed for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Lindel W. Mason ("Appellant") appeals the judgment and order of the trial court which denied his "Motion to Stay or Modify Child Support" filed against Londa J. Moran ("Respondent").[1] Appellant asserts four points of trial court error. We affirm the judgment and order of the trial court.

Viewed in the light most favorable to the trial court's ruling, as we must, *Melton v. Collins*, 134 S.W.3d 749, 754 (Mo.App. 2004), the scant record before this Court reveals Appellant was ordered to pay $178.00 per month to Respondent as child support for their minor child ("the Child"). Appellant was incarcerated on March 16, 2005, in the Missouri Department of Corrections.[2] It appears that in December of 2005 or January of 2006, an Income Withholding Order was filed on behalf of Respondent with the Farmington Correctional Center where Appellant is incarcerated.[3]

On February 24, 2006, Appellant filed a "Motion to Stay, or Modify Child Support Order." In his motion, Appellant stated he "has a prison job where he is paid $7.50

---

1. Respondent did not file a brief in this matter and does not participate in this appeal.

2. Appellant is presently incarcerated for a period of three years on a charge of Class C statutory rape, a violation of section 566.034. All statutory references are to RSMo 2000.

3. We note that the Family Support Division of the Department of Social Services was added as a party to this suit by the trial court on March 13, 2006. The Family Support Division filed a "Motion to be Dismissed as a Party" on April 10, 2006, and this motion was granted by the trial court on April 13, 2006.

a month" and the only other money he receives "is gifts from family and friends sent to him because of his paupius state." Appellant stated that he "was complying with the order of child support until he was committed to [the Department of Corrections], and it became impossible to pay $178.00 a month when [he] only make[s] $7.50 a month." He also set out that he owes child support arrearages[4] which will accrue to "over $6,000.00 by the time [he] is released from prison." Accordingly, he asked the trial court to stay his child support obligation "retroactive to the date of his commitment to the Department of Corrections." Further, Appellant requested in the alternative that the trial court modify his child support obligation "to a sum appropriate to his monthly earning's [sic] of $7.50 a month."

A hearing was held on Appellant's motion on August 23, 2006. Appellant was allowed to participate in the hearing by telephone. Respondent did not participate. At the hearing, Appellant asserted he "signed away all rights" to the Child and he believed his child support obligations and arrearages had been expunged.[5] He also reiterated the assertions in his motion that he was financially unable to pay the child support order issued against him.

The trial court entered its judgment and order on August 23, 2006, in which it denied Appellant's motion to stay or modify his child support obligation; found "there have been no substantial and continuing changes of circumstances involving [Respondent] or the [Child] since the date of judgment;" and determined Appellant's

"present incarceration is a result of voluntary illegal and felonious actions taken by [Appellant]" such that he was not entitled to modify or stay his court ordered child support payments. This appeal followed.

■ We initially observe that Appellant appears in this matter *pro se.* While he is fully entitled to proceed *pro se,* he "is bound 'by the same rules of procedure as those admitted to practice law and is entitled to no indulgence [he] would not have received if represented by counsel.'" *Brumfield v. Div. of Empl. Sec.,* 54 S.W.3d 741, 742 (Mo.App.2001) (quoting *Johnson v. St. Mary's Hlth. Ctr.,* 738 S.W.2d 534, 535 (Mo.App.1987)). "This principal is not grounded in a lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *State ex rel. Morgan ex rel. Div. of Child Support Enforcement v. Okoye,* 141 S.W.3d 410, 411 (Mo.App.2004) (internal quotation omitted). As such, Appellant is required to substantially comply with the mandatory briefing requirements of Rule 84.04.[6] *Emig ex rel. Emig v. Curtis,* 117 S.W.3d 174, 177 (Mo.App.2003).

■ In our analysis we initially observe that Appellant's points relied on are convoluted and difficult to understand. They fail to comply with Rule 84.04 in ways which need not be detailed at length here. While it is within our discretion to dismiss an appeal for failure to comply with Rule 84.04, "'[w]e will not exercise our discretion to dismiss an appeal for technical deficiency under Rule 84.04 unless the deficiency impedes disposition on

---

**4.** The record reveals that as of April 6, 2006, Appellant owed child support arrearages in the amount of $2,767.86.

**5.** We note there is nothing in the record to support his contention that his parental rights to the Child were terminated.

**6.** All Rule references are to Missouri Court Rules (2007).

the merits.'" *Id.* (quoting *Gray v. White,* 26 S.W.3d 806, 815 (Mo.App.1999)). Accordingly, where we can discern the essence of Appellant's complaints of trial court error, we shall address them on their merits.

Our standard of review is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). We will sustain the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 32; *see also Nichelson ex rel. Lohrasbi v. Roberts,* 164 S.W.3d 179, 182 (Mo.App.2005).

Appellant's first point relied on and fourth point relied on are related and we shall address them together for ease of analysis. As we discern Appellant's allegations in his first and fourth points relied on, they appear to assert the trial court erred in denying Appellant's request for modification of child support based on the trial court's findings that he had not proven changes of circumstances sufficient to reduce or stay his child support obligation. He also maintains the trial court erred in failing to consider, given his incarceration, "his ability to pay or to earn a living, amount of arrearage accrued upon release," as well as the fact that Respondent had presented no evidence, all of which he asserts result in "manifest injustice."

 "Pursuant to Section 452.370.1, in order to modify a child support award, there must be a showing of changed circumstances so substantial and continuing as to make the terms of the support award unreasonable." *In re Marriage of Wilson,* 181 S.W.3d 575, 583 (Mo.App.2005). The party seeking modification of a child support order has the burden of proving a substantial and continuing change in circumstances. *Id.; see also Eaton v. Bell,* 127 S.W.3d 690, 697 (Mo.App.2004). "The determination to award a modification in child support lies within the discretion of the trial court, and the trial court's decision will be reversed only for abuse of discretion or misapplication of the law." *Potter v. Potter,* 90 S.W.3d 517, 520 (Mo. App.2002).

It has long been held that "incarceration does not excuse the obligation to support the needs of one's children." *Oberg v. Oberg,* 869 S.W.2d 235, 238 (Mo.App.1993). In *Oberg,* 869 S.W.2d at 236, the non-custodial father, who was incarcerated, requested a modification of his child support obligation based on change in circumstances because his income had changed from approximately $3,000.00 per month prior to incarceration to $15.00 a month during his two year incarceration. The trial court denied this request and he appealed. *Id.* at 236.

In reviewing the matter, the Western District of this Court examined numerous foreign cases involving a change in financial circumstances based on incarceration. *Id.* at 237–238. It came to the conclusion that, as in the situation of a parent who is voluntarily unemployed or underemployed and who accumulates arrearages because of that voluntary inability to pay, a "change in financial condition resulting from the voluntary dissipation of one's talents is not sufficient reason for modifying a child support award." *Id.* at 238. The *Oberg* court also opined that motions for modification of child support involving an incarcerated parent should be considered "on a case-by-case basis" and involve "considerable" judicial discretion. *Id.* at 238.

In exercising its discretion to determine the appropriate amount of child support applicable to an incarcerated parent who lacks assets, the trial court must consider a variety of factors, including (1) the length of incarceration experienced for the current conviction and the anticipat-

ed remaining period of incarceration, (2) the earning potential of the incarcerated parent following release, (3) the amount of the existing child support award, and (4) the total amount of child support that will accumulate upon the incarcerated parent's discharge.

*Oberg*, 869 S.W.2d at 238. Based on these guidelines, the reviewing court in *Oberg* found that "the evidence provided discloses that [the appellant] presently has insufficient assets to satisfy the accrued child support award or the payments required." *Id.* However, the reviewing court went on to find that "[the appellant] anticipates release after two years of incarceration; [the appellant's] existing child support obligation is only $25.00 per week for each of two children; and [the appellant's] prior employment experience indicates that he has sufficient earning potential ... after incarceration." *Id.* Accordingly, the reviewing court affirmed the judgment of the trial court. *Id.*

In the present matter, applying the *Oberg* factors, we note that Appellant has been incarcerated for two and a half years of a three year sentence and is scheduled to be released on January 14, 2008; his child support obligation is $178.00 per month; and he offered no evidence relating to his prior employment experience and earning capacity. We also note that Appellant's child support obligation is not exorbitant and he is set to be released in a matter of months.

■ Other than statements in his motion, Appellant presented no evidence to the trial court relating to his child support payment history prior to his incarceration. Further, he presented no evidence relating to his employment history or his ability to earn money and support the Child following his release from prison. As previously related, Appellant, as the party bringing the motion, has the burden of proof. *Wil-*

*son*, 181 S.W.3d at 583. It was Appellant's burden in seeking modification to prove a change in circumstances so substantial and continuing as to make the terms unreasonable. § 452.370; *Brown v. Brown*, 19 S.W.3d 717, 724 (Mo.App.2000). This he failed to do. The trial court did not abuse its discretion in finding that Appellant's incarceration was insufficient to establish a change in circumstances warranting a modification of the prior order of support. Points One and Four are denied.

■ In his second point relied on, Appellant states verbatim: "[t]he trial court erred in finding that incarceration was of a voluntary nature in that, examining the voluntary nature of the acts leading to incarceration is not the same as examining the voluntary nature of incarceration itself, and if such was done to avoid paying child support." In addition to being barely comprehensible, Appellant's argument under this point relied on contains a recitation of the requests found in his motion, a rambling argument relating to intent, and some type of constitutional challenge relating to his "fundamental right to fairness." A deficient point relied on forces this Court " 'to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.' " *Franklin v. Ventura*, 32 S.W.3d 801, 803 (Mo.App.2000) (quoting *Myrick v. Eastern Broadcasting, Inc.*, 970 S.W.2d 885, 886 (Mo.App.1998)). "[C]ompliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Franklin*, 32 S.W.3d at 803 (quoting *Myrick*, 970 S.W.2d

142

at 886). Appellant has failed to properly present this issue for our review. *See* Rule 84.04. Point Two is denied.

■ Lastly, in his third point relied on Appellant maintains the trial court erred in failing "to recognize that by allowing Appellant's debt to build, Appellant would be placed in a future felonious position." Appellant's argument under his third point relied on fails to cite this Court to any case law which requires a trial court to make the type of *sua sponte* examination urged in his point relied on. Appellant also does not explain the absence of relevant authority. "A point of error left unsupported by citation of relevant authority need not be considered." *Thomas v. Lloyd,* 17 S.W.3d 177, 190 (Mo.App.2000).

■ However, in our *ex gratia* examination of Appellant's third point relied on, we note that while Appellant's child support obligation may continue to accrue while in prison, upon his release, Appellant's "*immediate inability* to pay [his

child support] obligation is a significant factor in determining whether contempt or criminal charges for willful failure to pay the obligation are appropriate." *Oberg,* 869 S.W.2d at 238 (emphasis added). Suffice to say the trial court should also consider that, upon Appellant's release from incarceration, "repayment of the arrearage which accumulated during [Appellant's] incarceration may be scheduled by the trial court according to [Appellant's] postincarceration income." *Id.*

The judgment and order of the trial court is affirmed.

RAHMEYER, J., and CRAWFORD, Sp. J., concur.