Bonita Ann BUCKLEY, Respondent,

v.

Charles James Gary TIPTON,
Appellant.

No. WD 68856.

Missouri Court of Appeals,
Western District.

Dec. 9, 2008.

Charles James Gary Tipton, Grants Pass, OR, Appellant pro se.

Michael R. Leamer, Chillicothe, MO, for Respondent.

Before THOMAS H. NEWTON, C.J., JAMES M. SMART, JR., and JAMES EDWARD WELSH, JJ.

THOMAS H. NEWTON, Chief Judge.

Mr. Charles James Gary Tipton appeals from a judgment modifying child support obligations, visitation rights, and finding him in contempt for non-payment of child support and his share of his children's medical bills. Mr. Tipton's appellate brief does not comply with Rule 84.04.[1] Consequently, we dismiss the appeal.

## Factual and Procedural Background

The facts that may be adduced from the record are as follows. Mr. Tipton and Ms. Bonita Ann Buckley are the parents of four children: Barbara, born in 1986; Alyssa, born in 1987; Catherine, born in 1992; and Charles, born in 1995. The parties' marriage was dissolved in Missouri in 2002. Legal and physical custody of the children was awarded jointly. Mr. Tipton was ordered to pay child support of $421 per month and one-half of the children's medical and dental expenses not covered by insurance.

In 2006, Ms. Buckley filed a motion to modify the dissolution decree. Ms. Buckley alleged Mr. Tipton's home was unsafe, that he failed to supervise the children, and that he did not provide adequate food and sleeping quarters when they visited him. She submitted a proposed parenting plan for the minor children that revised Mr. Tipton's visitation schedule to exclude overnight stays or visitation at his residence. Ms. Buckley also filed a motion for contempt based on Mr. Tipton's failure to pay child support and his half of the children's medical expenses. Mr. Tipton filed a countermotion to modify the dissolution decree. Mr. Tipton alleged that various assaults had been committed against the children in Ms. Buckley's home and that

both Barbara and Alyssa were emancipated. He also filed a motion for contempt alleging Ms. Buckley had not allowed him to see the children since August of 2006.

The trial court held a hearing in August of 2007. Mr. Tipton had moved to Michigan[2] and did not attend. His attorney moved for a continuance and the motion was denied. Ms. Buckley testified that when the children had overnight visits with Mr. Tipton in Missouri, he did not provide food for them. The youngest child, Charles, has a disorder for which he needs regular medication, and Ms. Buckley testified that when in Mr. Tipton's care, Charles did not take his medication. Ms. Buckley provided photos of Mr. Tipton's house in Missouri showing accumulated mold and trash. She stated that there were no bedrooms for the children, that the house was heated only by a wood-burning stove, and that Catherine and Charles slept on the couch or on a mattress in the front room, along with Mr. Tipton, his mother, and other adults. Ms. Buckley provided evidence of medical bills for the children of $17,000, which Mr. Tipton had not helped to pay, and evidence that Mr. Tipton's child support payments were $4,300 in arrears. Ms. Buckley further testified that Mr. Tipton had not asked for visitation with the children since the prior year. Ms. Buckley also testified that Alyssa, the second oldest child, had been in college full-time since May of 2005.

The court found a substantial and continuous change in circumstances since the original decree. It adopted Ms. Buckley's parenting plan, ordered all visitation to take place in Missouri, and, based on Ms. Buckley's Form 14,[3] ordered child support

---

1. Rule references are to Missouri Rules of Civil Procedure 2007.

2. When Mr. Tipton filed his appellate brief, he provided an address in the State of Oregon.

3. See Foraker v. Foraker, 133 S.W.3d 84, 95

of $554 per month, retroactive to the date of service of Ms. Buckley's motion. It further found Mr. Tipton in contempt and ordered payment of the child support arrearages, Mr. Tipton's half of the children's medical expenses, and awarded Ms. Buckley her attorney's fees of $1,500. Barbara, the oldest child, was held to be emancipated. Mr. Tipton appeals *pro se;* Ms. Buckley did not file a respondent's brief.

### Standard of Review

Custody and child support decisions are reviewed under *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). *See In re McIntire,* 33 S.W.3d 565, 568 (Mo. App. W.D.2000). We affirm unless there is no substantial evidence to support the decision, the judgment is against the weight of the evidence, or the court erroneously declared or applied the law. *Id.* The trial court is given great deference when determining the best interests of a child. *Roach v. Hart,* 249 S.W.3d 224, 226 (Mo.App. W.D.2008). Custody determinations are given more deference than in any other type of case. *In re McIntire,* 33 S.W.3d at 568. The decision to award a modification of child support is within the trial court's discretion. *Moran v. Mason,* 236 S.W.3d 137, 140 (Mo.App. S.D.2007). We reverse a modification of support only for abuse of discretion or the erroneous application of law. *Id.*

### Legal Analysis

A *pro se* litigant is bound by the same procedural rules as a litigant represented by counsel. *Id.* at 139. While we are not unsympathetic to the difficulties encountered by a party appearing *pro se,* fairness to all requires compliance with the rules. *State v. Hardin,* 229 S.W.3d 211, 215 (Mo.App. W.D.2007). Rule 84.04 sets

forth the requirements for briefing an appeal. The purpose of this rule is to clarify the facts, issues, and arguments on appeal—for both the opposing party and the court. *See Wilson v. Carnahan,* 25 S.W.3d 664, 666 (Mo.App. W.D.2000). Adherence to the rule is required so that we do not waste judicial resources, unfairly advocate for a party, or speculate on a party's unclear arguments, thus " 'interpret[ing] the appellant's contention differently than the appellant intended or his opponent understood.' " *Moran,* 236 S.W.3d at 141–42 (quoting *Franklin v. Ventura,* 32 S.W.3d 801, 803 (Mo.App. W.D.2000)). Whether we dismiss for a failure to comply with Rule 84.04 is discretionary; we generally will not dismiss unless the deficiencies impede our ability to decide on the merits of the case. *Id.* at 139–40. In cases relating to children's welfare, we may relax the rigid requirements if we can sufficiently ascertain the issues being raised. *In the Interest of Holland,* 203 S.W.3d 295, 299 (Mo.App. S.D.2006).

Notwithstanding our preference to reach the merits of a case, Mr. Tipton's brief is in such substantial noncompliance with Rule 84.04 that we cannot ascertain his arguments or legal grounds for challenging the trial court's decision. The brief fails to comply with Rule 84.04's most basic requirements for a statement of facts, points relied on, and arguments. The only thing clearly evident in Mr. Tipton's brief is that he does not agree with the trial court's decision.

Rule 84.04(c) requires that a statement of facts "shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." The purpose of the requirement is to provide an accurate, complete, and unbiased understanding of the facts involved.

(Mo.App. W.D.2004) (explaining the nature of a Form 14).

*Kuenz v. Walker,* 244 S.W.3d 191, 193 (Mo.App. E.D.2007). Mr. Tipton's purported statement of facts is indecipherable; it begins and ends in argument and leaves us unenlightened as to the issues in the case. It states, in part:

In this case, the case that deceptively turns an about-face, By Miss Buckley and her lawyer after hearing I wouldn't be in court. That my attorney would represent me.... This seems to be so misleading, to show error one way or another to warrant vacated and brought back to trial out of that counties venue, but still in the state the kids reside, hopefully in Kansas City Court. The lack of due process, the camera, pretrial court, and the misleading lawyers has a horrible detrimental course now for my kids and me.

Rule 84.04(d) requires an appellant to identify the precise manner in which the trial court erred and to provide legal support for the claimed points of error. Similar to the statement of facts, Mr. Tipton's "points relied on" section leaves us confused. His first point maintains in part:

### POINTS RELIED ON

### POINT 1.

For the non custodial parents, maintaining the parent-child relationship requires protected visitation rights. The importance of this concept was emphasized in *Franz v. United States* 707 f2d 582, 601 (D.C.Cir.1983), When the court held that the parent—child relationship is a "liberty interest" constitutionally protected by the Fourteenth Amendment.... Although it has been held that grandparents do not have an actual right to visitations of (*Brooks v. Parkinson,* 265 Ga. 189, 454 S.E.2d 769 (1995) (concluding that a statute regarding "grandparental visitation" violated the federal and state constitutions)), this section plainly declared the public policy of this state.

Mr. Tipton's second point asserts the following in part:

### POINTS TO RELY ON

### POINT 2.

This case as in the re marriage of Dunn (2002), Cal.App. 4th [No. G028497. Fourth Dist., Div. Three. Oct 30, 2002.] In re Marriage of NANCY K. and TIMOTHY J. DUNN. And also as in the remarriage of Hall (2000) 81 Cal.App.4th 313, 319–320, "My case which is so similar to these two cases has followed into the all too-common pattern in family law of lawyers disappearing into a judge's chamber and emerging with a judge's order, of independent of any hearing or settlement." Although in my case there was a hearing, I was informed it was settled in court on abatement and agreement the house inspectors opinions after inspecting the house, found the house livable and the two lawyers had agreed on the house inspector not having to be called as a witness because he found the house not condemned in any means and very livable. * The judge order's a judgment of substantial change of circumstances, altogether doesn't give fact or reason in the proceeding for finding a substantial change of circumstances exists.... "What about the manifest best interest of the children "Miss Buckley and her lawyer draws up a visitation order So heinous obliterating all these wonderful years of being able to have ordinary visitation with my children, that she makes it to where the kids don't really need there dad!, Not allowing an expert witness to testify, or explain what's happening in the last court hearing so defendant would have been ready for different aspects of the case. I prey

for this error for the kids! To allow a man to be accused of all the lies, To never have a chance to answer, to allow accuser to hide behind and accuse another honest hard working soul to relieve herself of guilt? Deny visitation and receive monies is in total error in itself.

It appears that Mr. Tipton might be claiming that he was denied due process or, perhaps, that there was insufficient evidence for the trial court's finding of a change of circumstances. At other portions, it appears Mr. Tipton's complaint is with Ms. Buckley's actions or with the statutes designed to protect children's welfare. *See Gerlach v. Adair*, 211 S.W.3d 663, 669 (Mo.App. W.D.2007) (both parents have a statutory duty to support their children irrespective of the relationship with the child; the purpose of child support is to provide for the children). We cannot decide the merits where we cannot identify Mr. Tipton's contentions, nor can we "sift through the record to divine what precisely is being argued on appeal." *Holland*, 203 S.W.3d at 300.

Mr. Tipton's argument section is similarly deficient. *See* Rule 84.04(d)-(e). That section of his brief states in pertinent part:

## ARGUMENT

Statements in the case the development of the pictures of the house we all lived in for a year or more!, the lack of pre evidentiary procedure to give warnings of pictures to be submitted not by an expert witness but by my own cousin at intermittent times while visiting us as a guest can be construed as a terrible court error or error by my disbarred attorney. . . .

In a case ordering termination of the fathers rights to his two children is reversed; where there is no evidence where the father couldn't improve. FLORIDAS 3rd DISTRICT COURT OF APPEALS family law per curium E.R.V. DEPT OF CHILDRENS FAMILY SERVICES 09/13/06 3d05–2606 without my testimony at the time of these new allegations that I know are not true! . . . All allegations are Unjust and unsubstantiated. I Wouldn't want to be perjuring myself and making something untrue, believable at the sake of hurting others. I argue the judge in the case gave very little opinion or very little if any factual statement on facts or relevancy to find specifically for contempt for the reasons in this case, Allowed an unfair change of course, by plaintiff and her attorney, for not allowing expert testimony without any reason!

Further, Mr. Tipton's legal citations are largely irrelevant. They refer to termination of parental rights, or custody denials, not changes to visitation, and he does not cite to Missouri law. He argues facts not raised in the trial court and he does not cite to the record as required by Rule 84.04(i). Mr. Tipton has also included an appendix with additional arguments, further complicating our review. For example, in this latter section he appears to contend that his daughter Alyssa should be required to pay a third of the cost of her medical bills.

Finally, Mr. Tipton appears to be arguing in the brief's conclusion for a right to present evidence. He states: "Wouldn't it be just that evidence can be presented fairly from both parties? That defendants can come to trial with the knowledge of what's really going on?" We note that the trial court retains jurisdiction over further modification as long as the requirements of section 452.450 [4] or section 454.867 are satisfied.

4. All statutory references are to RSMo 2000.

## Conclusion

A failure to substantially comply with Rule 84.04 preserves nothing for appellate review. *Holland*, 203 S.W.3d at 299. Accordingly, Mr. Tipton's appeal is dismissed.

JAMES M. SMART, JR., and JAMES E. WELSH, JJ., concur.