

*In the*
**MISSOURI COURT OF APPEALS**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| HEATHER (MCCUBBINS) PICKETT, | ) ) ) | |
| Respondent, | ) ) | **WD85528** |
| v. | ) ) | **OPINION FILED:** |
| MICHAEL BOSTWICK, | ) ) | **May 16, 2023** |
| Appellant. | ) ) ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**Honorable Cory L. Atkins, Judge**

**Before Division Three: Janet Sutton, Presiding Judge,**
**Cynthia L. Martin, Judge and Edward R. Ardini, Jr., Judge**

Michael Bostwick (Bostwick), biological father, appeals the Jackson County Circuit Court's (trial court) judgment of modification of child custody awarding biological mother, Heather Pickett (Pickett), sole physical and legal custody of their child D.M.B. We cannot review Bostwick's appeal on the merits, however, because Bostwick's brief fails to comply with the mandatory and straightforward rules governing appellate briefs contained in Rule 84.04[1] and because he failed to supply a complete record on appeal as required by Rule 81.12. We dismiss

---

[1] Unless otherwise indicated, all rule references are to the Missouri Supreme Court Rules 2022.

the appeal.

## Factual and Procedural Background

In May 2014, the trial court entered a judgment of paternity, child custody, child support, parenting time, and attorney fees declaring Bostwick to be D.M.B's biological father. The judgment granted Bostwick and Pickett joint legal and physical custody of D.M.B. The trial court designated Pickett's address as D.M.B.'s for mailing and educational purposes.

In April 2016, the trial court entered a judgment of modification wherein Bostwick and Pickett retained joint legal and physical custody of D.M.B, but increased Bostwick's monthly child support obligation. Pickett's address continued to be designated as D.M.B's address for mailing and educational purposes.

In July 2019, Bostwick filed a motion to modify seeking sole legal custody and requesting that his address be designated as D.M.B.'s address for mailing and educational purposes. Bostwick sought for his address to be used for D.M.B.'s educational purposes because Bostwick wanted D.M.B. to attend school in the Lee's Summit School District.

In April 2021, Pickett filed her answer and counter-motion to modify, a motion for counseling for D.M.B., and a motion to appoint a guardian ad litem (GAL). That same month, the trial court entered an order for counseling for D.M.B. and an order appointing a GAL.

In July 2021, Bostwick filed a motion to remove the GAL. The same day, the GAL moved for a psychological evaluation of Bostwick with Dr. Nicole Prado.

That same month, the trial court held an evidentiary hearing on both motions. In August, the trial court denied Bostwick's motion to remove the GAL and ordered Bostwick to pay Pickett's attorney's fees and the GAL's fees incurred as a result of the frivolous motion. The trial court also ordered that Bostwick complete a psychological examination with Dr. Rodney

McNeal, an individual requested by Bostwick.

In February 2022, the GAL received Bostwick's psychological evaluation and moved for a temporary restraining order, without notice, which the trial court granted. The trial court held a "review" hearing on the temporary restraining order on March 4, 2022. Bostwick then filed a designation of expert witness, identifying Dr. John Spiridigliozzi as his expert witness to rebut Dr. McNeal. Pickett objected and moved to strike the designation of Dr. Spiridigliozzi as an expert witness because discovery was due to close March 18, 2022, and Pickett would be unable to conduct a deposition or discovery with respect to Dr. Spiridigliozzi before that deadline.

On March 10, 2022, the trial court entered an order denying the GAL's motion for a restraining order, and required that Dr. Spiridigliozzi provide all reports before 5:00 pm on March 16 and be available for deposition on or before April 8.

On March 18, 2022, Pickett filed her motion in limine, motion for sanctions, and suggestions in support for not timely receiving the report due March 16, requesting that Dr. Spiridigliozzi be prohibited from testifying. The trial court sustained these motions. Dr. Spiridigliozzi provided his report to Pickett and the GAL on April 4, 2022, well past the March 16 deadline.

On April 19, 2022, the trial court held a bench trial on Bostwick's motion to modify and Pickett's counter-motion to modify. On June 30, 2022, the trial court entered its judgment modifying the prior April 12, 2016, judgment and adopted Pickett's parenting plan. The trial court designated Pickett's address as D.M.B.'s for mailing and educational purposes, ordered that Pickett have sole physical and legal custody, and ordered that Bostwick have supervised visitation. The trial court also ordered Bostwick to pay ten thousand dollars in Pickett's attorney's fees because of his failure to abide by the court's orders resulting in Pickett incurring

3

"substantial unnecessary attorney fees in responding to unnecessary and frivolous pleadings and attend hearings . . . ."

Bostwick filed his notice of appeal to this Court in July 2022. We then sent notice to Bostwick that his appeal was placed on a dismissal docket for his failure to timely file the transcript. After this notice, Bostwick then filed transcripts from the restraining order hearing on March 4, 2022, and from the April 19, 2022, bench trial. Bostwick, however, did not file the transcript from the July 23, 2021, hearing on his motion to remove the GAL.

Bostwick filed his first brief in this Court on November 14, 2022. On November 15, we struck Bostwick's first brief because Bostwick's points relied on did not comply with Rule 84.04(d). Bostwick then filed his amended brief on November 21, 2022, as well as his appendix.

## Legal Analysis

Bostwick's brief contains numerous deficiencies in violation of Rules 84.04 and 81.12. As a result, we are unable to reach the merits of his appeal.

An appellate brief that does not substantially comply with Rule 84.04 preserves nothing for our review and constitutes grounds for dismissal. *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. W.D. 2018). "Rule 84.04 plainly sets forth the required contents of briefs filed in all appellate courts" and its requirements are mandatory. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). Compliance with Rule 84.04's briefing requirements "is mandatory to ensure that the appellate court does not become an advocate by speculating on facts and arguments that have not been made." *Acton v. Rahn*, 611 S.W.3d 897, 901 (Mo. App. W.D. 2020).

"'In cases relating to children's welfare, we may relax th[is] rigid requirement,'" but only "'if we can sufficiently ascertain the issues being raised.'" *E.K.H.-G. v. R.C.*, 613 S.W.3d 449, 454 (Mo. App. E.D. 2020) (quoting *Buckley v. Tipton*, 270 S.W.3d 919, 922 (Mo. App. W.D.

2008)). "Although this Court prefers to reach the merits of a case, excusing technical deficiencies in a brief, it will not consider a brief so deficient that it fails to give notice to this Court and to the other parties as to the issue presented on appeal." *Lexow*, 643 S.W.3d at 505 (citation omitted).

For the reasons discussed below, we find Bostwick's brief so deficient that we cannot dispose of the case on the merits and must dismiss the appeal.

## I.  Bostwick's Jurisdictional Statement

"Bare recitals that jurisdiction is invoked 'on the ground that the case involves the validity of a statute' or similar statements or conclusions are insufficient as jurisdictional statements." Rule 84.04(b).  Moreover, the jurisdictional statement must "demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution upon which jurisdiction is sought to be predicated." *Id.*  "The purpose of the jurisdictional statement is to ensure that the record facts affecting jurisdiction are sufficiently developed to demonstrate existence of asserted jurisdiction." *White v. Darrington*, 91 S.W.3d 718, 722 (Mo. App. W.D. 2002).

In his brief, Bostwick's jurisdictional statement reads:

The action is one involving the [c]ourt's order of parenting time and legal custody where the question of whether the [c]ourt abused its' discretion in modification of the last Judgment of Modification requiring [Bostwick] to only have supervised parenting time and erroneously admitting hearsay and testimony without foundation while allowing individuals with joint financial interests to join forces against [Bostwick].  This involves the Missouri Parentage Act laws.

Bostwick's jurisdictional statement is insufficient under Rule 84.04(b).  Bostwick's statement constitutes a bare recital that fails to demonstrate a particular provision upon which jurisdiction is predicated and we cannot determine the specific record facts affecting jurisdiction. The jurisdictional statement's insufficiency, in conjunction with the following briefing

deficiencies, warrants dismissal of Bostwick's appeal.

## II.  Bostwick's Statement of Facts

"Rule 84.04(c) requires the appellant to provide 'a fair and concise statement of the facts relevant to the questions presented for determination without argument.'" *Wallace*, 546 S.W.3d at 626; Rule 84.04(c).  "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Acton*, 611 S.W.3d at 901.  "An appellant's failure to provide a fair and concise statement of facts is a sufficient basis to dismiss an appeal." *Id.* (citing *Lemay v. Hardin*, 108 S.W.3d 705, 709 (Mo. App. W.D. 2003)). Facts that "are aimed primarily at restating [appellant's] version of events and arguing, based on [appellant's] version of events, that the trial court erred" are insufficient.  *See Wallace*, 546 S.W.3d at 626–27.

While Bostwick provided this Court with a twenty-six-page factual background of the case, his statement is neither concise nor fair.  Bostwick's fact section is excessive, with 176 individually numbered fact paragraphs.  Bostwick's lengthy fact section also contains misleading facts unsupported by the record and is one-sided, incomplete, and argumentative.[2]

Bostwick's fact section primarily restates Bostwick's own version of events.  In so doing, Bostwick presents the trial court's rulings as "claims" rather than findings or conclusions,[3]

---

[2]  For example, Bostwick stated that "[t]his collusion is clear where the Petitioner has an ownership interest in the building rented by the Guardian ad Litem" without providing an accurate citation for these assertions.  Arguing "collusion" is biased and one-sided.

[3]  Bostwick's fact section frequently states that the trial court "claimed" or that the modification judgment "claimed" facts in evidence to be true, despite objective record evidence demonstrating such evidence as true, showing bias.

mischaracterizes trial testimony and record evidence,[4] and injects counsel's perceived slights by the trial court[5]—all without sufficient record evidence.  Bostwick's facts are biased and not concise as required by Rule 84.04(c).  Thus, we necessarily dismiss Bostwick's appeal for this, among other briefing deficiencies.

## III.    Bostwick's Points Relied On[6]

Points relied on are central to Rule 84.04's briefing requirements.  *Lexow*, 643 S.W.3d at 505.  Rule 84.04 requires that points relied on "(A) Identify the trial court ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error."  Rule 84.04(d)(1).  When appealing a trial court's decision, points relied on shall substantially follow the form: "The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error]."  *Id.*

Rule 84.04 also requires that "'[i]mmediately following each 'Point Relied On,' the

---

[4]  Bostwick states that Dr. McNeal "[p]erformed a claimed psychological evaluation" and "tried to claim that his evaluation was based on data collected where he had previous[ly] testified that the testing did not show any mental health diagnosis."

Bostwick also states that during the bench trial, the GAL "was clearly upset and tried to advocate[] for herself claiming efforts she had made on behalf of the child."

[5]  Bostwick's appellate counsel, who was also Bostwick's trial counsel, included in the brief's fact section that, "[t]he [c]ourt, instead of being focused on the witness and evidence, was hyper focused on Appellant's counsel to the point that [the court] raised an issue when Appellant's counsel made a noise associated with clearing her sinuses" and "the [c]ourt was focused on [a]ppellant's [c]ounsel where she made a remark possibly using the word 'Jesus' and the court was very upset and admonished her not to do it again."

[6]  Bostwick's amended points relied on are set forth in Appendix A.

appellant . . . shall include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies.'" *E.K.H.-G.*, 613 S.W.3d at 453 (quoting Rule 84.04(d)(5)).

"The purpose of the briefing requirements regarding points relied on is to give notice to the party opponent of the precise matter which must be contended with and answered and to inform the court of the issues presented for resolution." *Acton*, 611 S.W.3d at 901–02 (citation omitted); *see Lexow*, 643 S.W.3d at 505. "A point relied on which does not state 'wherein and why' the trial court . . . erred does not comply with Rule 84.04(d) and preserves nothing for appellate review." *Lexow*, 643 S.W.3d at 505 (citation omitted). "'A deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner.'" *Hicks v. Northland-Smithville*, 655 S.W.3d 641, 646 (Mo. App. W.D. 2022) (quoting *Lexow*, 643 S.W.3d at 505).

All four of Bostwick's points relied on are defective and will not be considered by this Court lest we improperly speculate on Bostwick's points being raised and as to his supporting legal justifications and circumstances. *See, e.g., Hicks*, 655 S.W.3d at 647.

First, none of Bostwick's points follow Rule 84.04's outlined formula. Bostwick's points fail to properly identify the trial court ruling being challenged, fail to concisely state the legal reasons for a claim of reversible error, and fail to adequately explain those legal reasons supporting his claims of reversible error. *See* Appendix A. Nor can we decipher the appropriate standard of review, since Bostwick cites to several standards of review but does not connect these standards with applicable facts. *See* Appendix A.

Second, many of Bostwick's points are analytically deficient, and fail to give Pickett

8

sufficient notice of the precise matters contended. Pickett wrote in her brief to this Court, "[W]e do not know what specific modification granted is complained of" and that Pickett found it "exceedingly difficult for [her] to develop a single argument in response to multiple different claims upon any point relied upon of [Bostwick's]."

To discern Bostwick's points, this Court would need to act as an advocate, which we cannot do. *See Lexow*, 643 S.W.3d at 509; *Acton*, 611 S.W.3d at 902. We would have to essentially guess Bostwick's points and then sift through the record to find support for the perceived point. *See, e.g., Acton*, 611 S.W.3d at 902; *Wallace*, 546 S.W.3d at 628.

Finally, Bostwick made little effort in his amended brief to correct his points relied on to comply with Rule 84.04 despite being put on notice by this Court. "Where a party has been warned of briefing deficiencies and persists in repeating the same errors, we should not 'act as an advocate for [the appellant] to overcome these problems.'" *J.H. v. A.B.*, 654 S.W.3d 130, 132 (Mo. App. W.D. 2022) (quoting *Lexow*, 643 S.W.3d at 509). "'Dismissal is particularly appropriate where appellant makes no effort to correct [deficiencies] in [an] amended brief, even after being put on notice [of the errors].'" *Id.* at 132 (quoting *Acton*, 611 S.W.3d at 903).

On November 15, 2022, this Court issued an order and notice informing Bostwick that his brief was struck "for the reason that (1) the [p]oints [r]elied [o]n are not in compliance with the specific requirements of Rule 84.04(d); and (2) the [p]oints [r]elied [o]n do not include a list of cases or other authority upon which that party principally relies as required by Rule 84.04(d)(5)." Bostwick was granted fifteen days to file an amended brief correcting the violations.

Bostwick filed an amended brief on November 21, 2022, but again, his points relied on do not comply with Rule 84.04(d) and he failed to provide a list of cases supporting his points as

requested and as required by Rule 84.04(d).  *See* Appendix A.  Bostwick added a few sentences at the end of each point containing some caselaw, but the authority did not support his claims of reversible error.  *See* Appendix A.

Bostwick failed to amend his points relied on to comply with Rule 84.04, necessitating dismissal of the appeal.

## IV.    Bostwick's Argument

First and foremost, an appellant's argument section "should demonstrate how principles of law and the facts of the case interact."  *Acton*, 611 S.W.3d at 902 (citation omitted); *see Hicks*, 655 S.W.3d at 649 (citation omitted).  The section "must explain why, in the context of the case, the law supports the claim of reversible error."  *Hicks*, 655 S.W.3d at 649 (citation omitted).  Rule 84.04(e) provides, in relevant part:

> The argument shall substantially follow the order of "Points Relied On."  The point relied on shall be restated at the beginning of the section of the argument discussing that point.  The argument shall be limited to those errors included in the "Points Relied On."  For each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review.

Notably, an appellant's arguments must not "merely rest on broad brush strokes which generalize their complaints with the trial court's actions without specifying *why* the trial court was in error or *what* the trial court should have considered."  *Sharp v. All-N-One Plumbing*, 612 S.W.3d 240, 245 (Mo. App. W.D. 2020); *see Hicks*, 655 S.W.3d at 649.  "When an appellant fails to support contentions with relevant law and analysis beyond conclusory statements, we deem the point abandoned."  *Wallace*, 628 S.W.3d at 628; *see Acton*, 611 S.W.3d at 902 ("Mere conclusions and the failure to develop an argument with support from legal authority preserves nothing for review.").

Bostwick's arguments do not comply with Rule 84.04(e) because Bostwick's argument

section does not restate his four points relied on, fails to provide appropriate analytical support for his claims of reversible error, and does not clarify the grounds on which he claims reversible error. Simply, Bostwick's argument does not show how principles of law interact with the facts of the case. The substance of his argument is wholly deficient.

First, Bostwick does not restate his points relied on in his argument section. Second, Bostwick does not include any meaningful caselaw supporting his claims beyond vaguely citing a standard review for each argument section. Repeatedly, Bostwick fails to provide a concise statement describing whether the error was preserved for our review. He cites biased facts and makes broad conclusions unconnected to authority.

Lastly, Bostwick's argument does not present a readily understandable argument sufficient "'to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.'" *See Hicks*, 655 S.W.3d at 649–50 (quoting *Lexow*, 643 S.W.3d at 505).

We cannot complete Bostwick's arguments for him. Because Bostwick's argument does not comply with Rule 84.04(e), we necessarily dismiss Bostwick's appeal for this, among other briefing deficiencies.

## V. Bostwick's Insufficient Record

Rule 81.12(a) provides that "[t]he record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented . . . ." Rule 81.12(a); *see also Equity Tr. Co. v. Givhan*, 604 S.W.3d 921, 922 (Mo. App. W.D. 2020). Rule 81.12(b) requires that "[t]he appellant shall prepare the legal file" and Rule 81.12(c)(1) reiterates that "appellant shall order the transcript." *See* Rules 81.12(b) and (c)(1). Particularly:

> "An appellant is required to file a transcript and legal file 'so that the record contains all the evidence necessary to determine the questions presented to this

11

court to decide.'"  "Without a transcript, we lack the necessary information to rule with any degree of confidence in the fairness, reasonableness and accuracy of our final conclusion."  "Failure to comply with this rule is grounds for dismissal."

*Equity Tr. Co.*, 604 S.W.3d at 922 (citations omitted).

Here, Bostwick's duty, as the appellant, is to file a complete transcript and legal file to ensure the record contains all necessary evidence.  While Bostwick filed the transcripts from the temporary restraining order hearing on March 4, 2022, and from the April 19, 2022, bench trial, Bostwick failed to file the transcript from the July 23, 2021, hearing on his motion to remove the GAL.  This transcript is necessary to the appeal because Bostwick seemingly takes issue with the GAL's involvement in the case which the trial court addressed at the removal hearing.

In her brief, Pickett even pointed out that Bostwick failed to submit this hearing transcript.  Yet, Bostwick failed to offer any response in his reply brief why the transcript was missing, nor did Bostwick move to untimely file the transcript to cure this defect with the record. Bostwick failed to furnish this Court with a complete record necessary to consider his appeal. Thus, in addition to dismissing Bostwick's appeal for non-compliance with Rule 84.04, we dismiss because review by this Court is otherwise impossible without this necessary transcript.

### Conclusion

Because Bostwick's brief so substantially fails to comply with Rule 84.04's briefing requirements so that it preserves nothing for appellate review, and because Bostwick failed to file a necessary transcript required by Rule 81.12, the appeal is dismissed.

_____
Janet Sutton, Presiding Judge

Cynthia Martin and Edward Ardini, Judges concur.

12

**Appendix A**

Bostwick's Points Relied On

I.      The Court erred when it relied on an evaluation that was not based on objective evidence but was instead based on lies told to the evaluator to obtain a specific result when modifying the Judgment in the present action. The error resulted in the Entry of a Modification Judgment that was not consistent with the evidence and not in the best interest of the child. This error is reversible as it meets the standards for an abuse of discretion where that reliance was an abuse of discretion and reversible error as it was not supported by substantial evidence and was against the weight of the evidence. As required by *Koenig*, the decision of the trial court was not supported by substantial evidence and is against the weight of the evidence and needs to be reversed. See, *Koenig v. Koenig*, 782 S.W.2d 86, 88 (Mo.App.1989) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

II.     The Court erred when it allowed a Guardian ad Litem to continue as well as the entity providing therapy to the minor child knowing that both had financial ties to Petitioner's counsel and that the Guardian ad Litem had not complied with the Guardian ad Litem Statutes. This error resulted in a Modification Judgment that is not in the best interest of the child as well as against the weight of the evidence. When the court modified the Judgment in the present action it resulted in an abuse of discretion and reversible error. This error is reversible as it meets the standards for an abuse of discretion where that reliance was against the weight of the evidence and not supported by substantial evidence as is reversible error. The decision of the trial court is reversible error as it was not supported by substantial evidence and is against the weight of the evidence and as such should be reversed. See, Koenig v. Koenig, 782 S.W.2d 86, 88 (Mo.App.1989) (citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976))

III.    The Court erred when it denied Respondent the opportunity to present expert testimony and evidence that was properly identified and disclosed during the discovery process prior to the expiration of the discovery deadline where the evidence would have been both probative and relevant to the evidence related to the child's father and allow the court the necessary information related to the best interests of the child. This error resulted in the entry of a Modification Judgment that was not in the best interest of the child and would have been different if the Court had considered the evidence. This error is a reversible abuse of discretion where the Court refused to comply with its own scheduling order. The Courts have found that it is reversible error for a Court to refuse to allow evidence where the appellant is prejudiced by the error. See. *Beery v. Shinkle*, 193 S.W.3d 435, 439 (Mo.App. 2006) Prejudice occurs in a judge-tried case when, in the absence of the trial error, the outcome of the case would have been different. Id. With respect to claimed error as to the admission of evidence, the trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *Blazier v. Vincent*, 204 S.W.3d 658, 661 (Mo.App. 2006).

13

IV.     The Court erred when it showed clear bias against Appellant where he heard a Motion by Appellee and the Guardian ad Litem as to Objections to Appellant's Designation of Expert witness in violation of Appellant's rights of due process where Appellant's counsel agreed to a telephone conference so long as the Motions would not have been heard; the Court showed bias when he focused on Appellant's counsel during the hearing becoming upset when she cleared her sinuses; the Court also expressed his bias when he claimed Appellant's counsel was swearing under her breath when she may have whispered the word "Jesus" to her client. This bias was also clear where the Court allowed Appellee and the guardian ad litem to have exparte communications with the Court related to the exchange of judgments. In addition, the Court essentially allowed Appellee's counsel to lead her client through testimony even though her client, when asked a non-leading question stated she was unfocused and was unable to answer the question. This bias resulted in the entry of a Judgment of Modification that is not in the best interest of the child and represents manifest injustice and a miscarriage of justice. This error is reversible error as it created manifest injustice and a miscarriage justice. In *Rouse vs Cuvelier* the Court addressed manifest injustice or miscarriage of justice resulting from a Court's bias. See *Rouse v. Cuvelier*, 363 S.W.3d 406, 418 (Mo. App. W.D. 2012. The *Rouse* Court found that to find manifest injustice or miscarriage of justice the Court must determine "whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." When the court finds that manifest injustice or miscarriage of justice has resulted from the court's actions, the judgment must be reversed. See id.